39308. INTERSTATE LIFE & ACCIDENT INSURANCE COMPANY v. SUGGS, Administrator.

DECIDED MARCH 1, 1962—REHEARING DENIED MARCH 12, 1962.

*Garrett & McDonald, Frank B. McDonald, Jr.,* for plaintiff in error.

*Kopp & Peavy, John G. Kopp,* contra.

EBERHARDT, Judge. ■ A party, plaintiff or defendant, may, at an appropriate time as provided in the act of 1959 (*Code Ann.* §§ 110-1201, 110-1202), move for a summary judgment on the pleadings, with or without supporting affidavits. If it should appear from the pleadings that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law, such should be entered.

■ Whether the plaintiff here was entitled to a judgment against the defendant on the pleadings depends upon whether the

deceased insured was, under the terms of the policy, insured against the eventuality that occurred, i.e., whether he was insured against injury or death resulting from a collision between a city owned vehicle in which he was riding as a police officer and at a time when the vehicle was being used for police-patrol duty. If the vehicle was a "private motor-driven automobile" at the time of the injury, there was insurance coverage and the plaintiff was entitled to his judgment; but, if it was not such a vehicle, there was no coverage and a judgment for the plaintiff was unauthorized.

Admittedly the vehicle was publicly owned, for it was the property of the City of Blackshear. But ownership alone may not be determinative of the issue here involved. Most public conveyances, such as trains, airplanes, buses, and taxicabs, are privately owned. Nevertheless they are regarded as public means of transportation because they are devoted to a public use. A publicly owned vehicle may, at times, be devoted to a private use. If, for instance, the vehicle here had been in use at the time as a means of taking a private trip by the insured such as going fishing, or going home for lunch, we might be constrained to hold that it was being devoted to a private use and while upon such use a private vehicle. But such was not the case. The patroling of a city street by a police officer is a public function. It is the performance of a public duty, and is for the benefit of the general public.

We find no case, in Georgia or elsewhere, in which the exact situation here was dealt with. See generally, Annot. 38 ALR2d 867. In *Life & Cas. Ins. Co. v. Benion*, 82 Ga. App. 571, 572 (61 SE2d 579) it was observed that, "The only significance the word 'private,' used in the phrase 'private motor driven automobile,' has, is to distinguish automobiles owned and operated for private purposes from those used for public or semi-public purposes, such as public conveyances." The issue there, however, was whether a privately owned automobile entered in a stock car race was within the insuring provisions of the policy.

The only case which appears to have a similar factual situation is State ex. rel. Tobin v. Independent Life Ins. Co., 181 Tenn. 373 (181 SW2d 349) where it was held that a city fire truck was

not within the provisions of a policy where the terms were similar to those here involved. There, as here, the vehicle was publicly owned and was being used by city employees for public purposes.

The terms of the policy are clear. As we see it the insured did not receive his fatal injuries while riding in a "private motor-driven automobile." The granting of a summary judgment on plaintiff's motion was thus error.

*Judgment reversed. Carlisle, P. J., and Russell, J., concur.*