27200. STEWART et al. v. JIM WALTER HOMES, INC. et al.

SUBMITTED MAY 9, 1972—DECIDED JUNE 15, 1972.

*Johnson & Johnson, S. D. Johnson,* for appellants.

*Hunt, Stern & Daily, F. Hunt Rose, Edwin F. Hunt,* for appellees.

JORDAN, Justice. Under our summary judgment practice a defending party may at any time move for summary judgment, with or without supporting affidavits, and the judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. CPA § 56 (b, c) (*Code Ann.* § 81A-156 (b, c)). "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein . . . When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate,

shall be entered against him." CPA §56 (e) (*Code Ann.* §81A-156 (e)).

The supporting affidavits, which are not shown to be based on personal knowledge, and which for the most part set forth conclusions as to which it is obvious neither affiant could testify, do not meet the above requirements of CPA §56 (e), and present nothing of probative value for consideration on motion for summary judgment, except to the extent that Martin, in his affidavit for Jim Walter Homes, submits on behalf of this defendant what purports to be a true reproduction of the contract between the plaintiffs and this defendant, which the plaintiffs in no way purport to rebut. Thus, in considering whether the defendants are entitled to summary judgment we have before us only the pleadings, which include the two deeds, and a reproduction of the written contract itself. The contract in clear and unequivocal language provides for payments of $80.30 monthly commencing on April 5, 1970, and continuing through March 5, 1982, and with two attached exhibits purports to be the entire agreement between the parties. It completely eliminates any basis for a forbearance of payments pending delivery of materials for completion of the interior, or any basis for any claim for materials to finish the interior, or any basis for considering with the writing any oral representation on behalf of Jim Walter Homes to the contrary.

The plaintiffs' petition is ambiguous as to what documents they signed, variously indicating that they did not sign a security deed, or if they signed such a document, that they did not know that it purported to be, or that it was altered, or that if the security deed as recorded was signed, it was not in the presence of the witnesses shown thereon.

It is elemental that between the parties the efficacy of an instrument is not controlled by irregularities in execution, and even if the parties did not execute the document so as to meet the legal requirements of recordation, it purports to do nothing more than accomplish precisely what the plaintiffs had agreed to do under the written contract with Jim

Walter Homes, i.e., execute a security deed containing the "customary covenants and conditions." The customary covenants and conditions would include the power of sale as exercised upon default in payment. The contract contains nothing to prevent transfer or assignment, and the plaintiffs having admittedly failed to make any payments under the contract, whether under a mistaken belief as to the terms or for other reasons, they have no cause for complaint if the defendant acted in accordance with the terms of the contract.

In reaching the above conclusions we are not unmindful of the allegations of fraud in the petition, but these bald assertions are not supported by any details to disclose any acts on the part of either defendant to show that either defendant has defrauded the plaintiffs, or that the defendants together have connived, colluded, and conspired to swindle and deprive the plaintiffs of their property. *Budget Charge Accounts v. Peters,* 213 Ga. 17 (96 SE2d 887). "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." CPA § 9 (b) (*Code Ann.* § 81A-109 (b)).

In our opinion from a review of the entire record it is clear that the plaintiffs' claim cannot be supported in fact and in law unless they can establish a contract which required Jim Walter Homes to furnish materials for the inside of the house, and a forbearance of payments until this was done, and their claim as made is pierced in fact and as a matter of law by the actual written contract, the terms of which are uncontroverted by any evidence in rebuttal.

*Judgment affirmed. All the Justices concur, except Hawes, J., disqualified.*