## 28982. RICHARDS v. TOLBERT.

GUNTER, Justice.

Appellant has come here for review of an adverse summary judgment in a will-probate case. Appellant filed a caveat to a will sought to be probated in solemn form in the court of ordinary. The ordinary rendered a judgment probating the will, the appellant then went to superior court, and a summary judgment was rendered there in favor of the appellee.

The appellant's caveat was: "The purported will is dated more than fifty-seven years ago, and is a fraud and a forgery in that the said purported will was written and manufactured since the death of Rufus Newton Spence."

After a hearing the ordinary admitted the will to probate and denied appellant's caveat. After appeal to the superior court the appellee moved for summary judgment; her evidence consisted of the deposition of a single subscribing witness to the will, the other two being dead; the subscribing witness identified the document offered for probate as the duly executed will of the testator, and he testified that he could recall the execution ceremony because he had witnessed only one will in his life; the only evidence in opposition to the motion was an affidavit on behalf of the appellant which did not refute the testimony of the subscribing witness to the will; and the appellant has argued in briefs filed in both the superior court and here that the purported will was revoked by destruction in accordance with Code § 113-404.

We hold that the evidence presented to the trial judge raised no genuine issue as to any material fact, and the entry of summary judgment for the appellee was correct. If the movant carries his initial burden, as was done in this case, and the respondent does not present

refuting evidence that is adequate to raise an issue of fact, a summary judgment for the movant must be granted. See *Leachman v. Cobb Development Co.*, 229 Ga. 207 (190 SE2d 537) (1972); *Stewart v. Jim Walter Homes, Inc.*, 229 Ga. 244 (190 SE2d 520) (1972); and *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601 (203 SE2d 173) (1973).

The appellant's only enumerated error, that the trial court erred in granting a summary judgment in favor of the appellee, is without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 9, 1974 — DECIDED SEPTEMBER 4, 1974.

*Fredericks, Jones & Wilbur, Carl Fredericks,* for appellant.

*H. Garland Head, III,* for appellee.