## 62290. DOYLE v. LIBERTY MUTUAL INSURANCE COMPANY.

SOGNIER, Judge.

Doyle was an employee of Rich's and contended he sustained an on-the-job injury resulting in hospitalization and other medical expenses, as well as lost wages. This was contested by the employer and its insurance carrier. Doyle then entered into a stipulation and agreement with Rich's, Inc. and its workers' compensation insurer, Liberty Mutual Insurance Company (Liberty Mutual), which was approved by the Workers' Compensation Board. The stipulation and agreement provided: ". . . and to pay on his behalf the following medical expenses, or reimburse to the employee unpaid medical expenses, assuming, for the purpose of this Stipulation and Agreement that the medical expenses listed herein have not been paid by any other source than the employee . . ."

Thereafter, Doyle filed suit against Liberty Mutual, claiming that they failed to pay him medical expenses in accordance with the agreement and seeking recovery of these expenses, punitive damages and attorney fees.

Doyle moved for partial summary judgment; Liberty Mutual moved for summary judgment. The record discloses that the expenses Doyle seeks to recover were paid by Life Insurance Company of Georgia. All other medical expenses contemplated by the agreement were paid by Liberty Mutual.

The trial court granted summary judgment for Liberty Mutual. Doyle appeals, contending error in the grant of summary judgment and denial of his motion for partial summary judgment.

Doyle contends that under the "collateral source" rule, he is entitled to recover his medical expenses from Liberty, even though payment of same has been made by another. While we recognize the collateral source rule in Georgia, *Insurance Co. of N. A. v. Fowler,* 148 Ga. App. 509, 511 (2) (251 SE2d 594) (1978), it is not applicable here

because Doyle contracted this right away under the stipulation and agreement with Liberty Mutual and Rich's. One may contract his rights away if it not be contrary to public policy. *Brown v. Five Points Parking Center,* 121 Ga. App. 819, 821 (1) (b) (175 SE2d 901) (1970). Here, the contract terms providing "that the medical expenses listed herein have not been paid by any other source than the employee" [Doyle] are clear. Since the record discloses payment of these expenses by Life Insurance Company of Georgia, even though Doyle contributed to the premium, it constitutes payment by one other than himself.

The contract being clear and unambiguous, and there being no questions of fact, the construction of the contract by the court upon motion for summary judgment was both proper and correct. *Stewart v. Jim Walter Homes,* 229 Ga. 244 (190 SE2d 520) (1972).

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 8, 1981 —
REHEARING DENIED OCTOBER 22, 1981 —

*Glenville Haldi,* for appellant.
*J. Robert Persons, Nancy E. Underwood, Edwin L. Hoffman,* for appellee.