## 68070. HARBIN v. SAMS et al.

SOGNIER, Judge.

Harbin instituted garnishment proceedings against her motor vehicle insurer, State Farm Mutual Automobile Insurance Company (State Farm), seeking to collect funds allegedly due her by virtue of her insurance policy. Harbin was injured in an accident that occurred while she was riding as a passenger in her own vehicle driven by Richard L. Kirkland, who was killed as a result of the accident and whose estate was named as defendant in the garnishment action. Harbin executed a release and settlement with Kirkland's insurer, Aetna Life & Casualty Company, in consideration of the sum of $25,000, and brought a negligence action against Kirkland's estate which resulted in a verdict and judgment in her favor in the amount of $68,000. It is this amount she sought to collect in her garnishment action against State Farm.

State Farm filed its answer in the garnishment proceeding and Harbin filed her traverse. After a hearing, the trial court ruled that the "Family Exclusion Clause" of the State Farm policy operated to preclude Harbin's recovery under the policy's liability provisions as against Kirkland, a permissive user of Harbin's vehicle. On this basis, the trial court ordered that the garnishee, State Farm, be released, and the garnishment be dismissed. Harbin appeals.

Pretermitting the effect of the release executed by appellant to Aetna, Kirkland's insurer, which point is also raised by State Farm, we turn to appellant's contentions that the trial court erred by releasing the garnishee and dismissing the garnishment because the family

exclusion clause is inconsistent with state law and void as against public policy. The provision in question reads, in pertinent part, as follows:

"COVERAGE A — BODILY INJURY LIABILITY
 COVERAGE B — PROPERTY DAMAGE LIABILITY
To pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as *damages* because of
     (A) *bodily injury* sustained by other *persons*, and

. . .

EXCLUSIONS — SECTION 1
THIS INSURANCE DOES NOT APPLY UNDER:

. . .

(h) COVERAGE A, TO *BODILY INJURY* TO ANY *INSURED* OR ANY MEMBER OF THE FAMILY OF AN *INSURED RESIDING* IN THE SAME HOUSEHOLD AS THE *INSURED* . . . ." (Emphasis in original).

While appellant cites authority from foreign jurisdictions in support of her arguments that this exclusion should be ruled invalid, the law in our state has been that an exclusion as set forth above is valid and not contrary to public policy. *Lauer v. Bodner*, 137 Ga. App. 851, 852 (1) (225 SE2d 69) (1976); *Varnadoe v. State Farm &c. Ins. Co.*, 112 Ga. App. 366, 367 (145 SE2d 104) (1965); *Shaw v. State Farm &c. Ins. Co.*, 107 Ga. App. 8 (129 SE2d 85) (1962); *Morris v. State Farm &c. Ins. Co.*, 88 Ga. App. 844, 846 (1)-847 (78 SE2d 354) (1953). Thus, although under the policy provisions Kirkland was an insured because he was driving appellant's car with her permission, appellant's policy operates to preclude her recovery under the policy as against Kirkland by reason of the family exclusion clause. See *Lauer*, supra. The trial court did not err in releasing State Farm and dismissing the garnishment. See *Keene v. State Farm &c. Ins. Co.*, 114 Ga. App. 625 (1) (152 SE2d 577) (1966).

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED JUNE 20, 1984.

*T. Emory Daniel, Jr., Philip B. Cordes*, for appellant.
*E. A. Simpson, Jr., F. C. Schenck*, for appellees.