## 67761. ALLSTATE INSURANCE COMPANY v. ESTELL et al.

POPE, Judge.

Appellant Allstate Insurance Company (Allstate) appeals from a grant of summary judgment to appellee George F. Estell, Jr.; Allstate also appeals the denial by the trial court of its motion for summary judgment. At issue is whether Allstate owes coverage and a duty to defend to Estell on his policy of insurance for an accident which occurred on December 30, 1981.

The record shows that Estell had a 1975 Mazda which was insured by Allstate at the time of the accident. The Allstate policy declarations page listed George F. Estell, Jr. as the only named insured, and the 1975 Mazda as the only insured auto. The language of the liability insurance part of the policy reads in pertinent part: "Allstate will pay for all damages a person insured is legally obligated to pay. . . . Persons Insured . . . (2) While using a non-owned auto: (a) you. . . . Definitions . . . (5) 'You' or 'Your' — means the policyholder named on the declarations page. . . . Exclusions — What is not covered[.] This coverage does not apply to liability for . . . (3) a non-owned auto while being used in any business or occupation of a person insured. However, coverage does apply while you . . . are using a private passenger auto. . . ."

At the time of the accident, Estell was not driving the 1975 Mazda listed in his insurance policy. Rather, he was using a 1974 Mazda owned by his brother, Rod. The question posed is whether the policy of insurance purchased by Estell covers this situation. "We begin with the proposition that an insurance policy, even when ambiguous, is to be construed by the court, and no jury question is presented unless an ambiguity remains after application of applicable rules of construction. [Cit.]" *Alley v. Great American Ins. Co.*, 160 Ga. App. 597, 599 (287 SE2d 613) (1981). "The cardinal rule of construction is to ascertain the intention of the parties." OCGA § 13-2-3. " 'Exceptions, limitations and exclusions to insuring agreements require a narrow construction on the theory that the insurer, having affirmatively expressed coverage through broad promises, assumes a duty to define any limitations on that coverage in clear and explicit terms.' [Cits.] We are guided in this case by the rule of construction that where the language contained in an insurance policy is susceptible to two or more constructions, the one most favorable to the insured will be adopted. [Cits.]" *Alley v. Great American Ins. Co.*, supra at 600.

Applying these rules to the case at bar, we find from the insuring agreement that coverage is provided to Estell while driving a non-owned private passenger auto. In the policy Allstate defines "you" to mean George F. Estell, Jr. Thus, according to the contract of insurance, while using a non-owned auto, Estell is a person insured under

the policy. The insuring language should therefore be read to say that Allstate will pay for all damages that Estell (a person insured) is legally obligated to pay while using a non-owned auto. The conclusion that coverage exists in this case is further confirmed by reference to the exclusions set out above. While excluding any liability coverage for a non-owned auto used in the business or occupation of a person insured, Allstate nonetheless in the same paragraph reiterates that coverage does apply while the policyholder uses a private passenger auto. Therefore, applying the rules of construction set out above, we find a broad promise of coverage to the person insured while driving a non-owned auto and no clear and explicit exclusion.

Allstate argues that it is clear that coverage exists only where an accident involves a person insured and the person insured is using an insured auto. Allstate relies upon the following language in its policy: "Under these coverages, your policy protects a person insured from claims for accidents arising out of the ownership, maintenance or use, loading or unloading of the auto we insure." We note that the language relied upon does not say that the policy *only* protects a person insured in situations arising out of ownership or use of the insured auto. The language set out above relating to the insured's use of a non-owned auto clearly shows an intent to cover the insured in that regard in addition to the protection set out in the language relied upon by Allstate. Allstate argues that to find coverage in this situation flies in the face of the well-known maxim that "coverage follows the car." If so, it is only because that is the way Allstate chose to write the policy of insurance. For the foregoing reasons, we find that the trial court did not err in granting summary judgment to appellee Estell and in denying Allstate's motion for summary judgment.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED JULY 12, 1984 —
REHEARING DENIED JULY 26, 1984 — 

*Barry S. Mittenthal, Palmer H. Ansley,* for appellant.
*Grace W. Thomas, Gregory T. Presmanes, Samuel Appel, James G. Jackson,* for appellees.