69252. FRAZIER ASSOCIATES MANUFACTURERS
REPRESENTATIVES, INC. v. DABBS
& STEWART et al.
(325 SE2d 914)

BIRDSONG, Presiding Judge.

Breach of Contract. Dabbs & Stewart ("Dabbs") were general contractors who bid to construct a building for the Paulding County school system. Prior to making its bid, Dabbs solicited bids from suppliers for certain tack boards and chalk boards. Frazier Assoc. made an offer to Dabbs on December 4, 1981, to sell Dabbs eleven tack and chalk boards at a total price of $1,160. Another supplier offered to sell Dabbs eleven tack and chalk boards (among numerous other items) for a price of $6,700. On January 7, 1982, Frazier Assoc. renewed its offer to Dabbs, including a copy of its original offer to sell the eleven tack and chalk boards for $1,160. On January 11, 1982, Dabbs accepted Frazier's offer. It then incorporated that cost item in its bid for the construction of the school.

When Dabbs sought delivery of the tack and chalk boards, Fra-

zier notified Dabbs on March 10, 1982, that it would not honor the contract price of $1,160 but would require a payment of $6,590. Ultimately Dabbs was required to purchase the tack and chalk boards from another source at a cost of $6,780. Dabbs brought the present suit seeking a recovery of the difference between Frazier's offer ($1,160) and what Dabbs had to pay ($6,780), i.e., $5,620. Dabbs moved for summary judgment contending there were no issues of fact and the sum was certain. The trial court granted summary judgment to Dabbs as moved. That grant of summary judgment forms the basis of Frazier's appeal. *Held*:

Frazier contends that Dabbs was aware or should have been aware that its offer of $1,160 was an obvious error. That argument is premised upon the facts that Dabbs had in hand a second offer from another supplier offering the same tack and chalk boards for $6,700 in the face of Frazier's offer for $1,160. Secondly, Frazier argues that when Dabbs stated in its petition that it had to purchase the boards from another source for $6,780, Dabbs admitted the true purchase value. Frazier thus argues that these facts raise an issue of knowledge on the part of Dabbs that should prevent the issuance of a summary judgment and warrant a trial on an issue of reformation of the contract to correct the apparent mistake.

As we view the issue in this case, it is that as between two alleged innocent parties, who should suffer the loss? Thus, our question relates to whether either or both of the parties are indeed innocent. There can be no question that, taking Frazier at its word, Frazier was negligent in submitting an offer that admittedly was incorrect. Thus if we assume that Dabbs was unaware of Frazier's mistaken offer, then Dabbs was innocent in relation to Frazier, and Frazier reasonably should suffer the loss. See *Singer v. Grand Rapids Match Co.*, 117 Ga. 86, 94 (3) (43 SE 755). See also *Central of Ga. R. Co. v. Gortatowsky*, 123 Ga. 366, 374 (51 SE 469).

On the other hand if Frazier inadvertently (though negligently) made an obvious mistake and this mistake was apparent on the face of the offer and was known to Dabbs, then relief should have been granted to Frazier for there is no disposition in the law to let one "snap up" such an "opportunity" by taking advantage of another's mistake. *Singer v. Grand Rapids Match Co.*, supra, p. 94.

The facts before the court on this motion for summary judgment reflected that Frazier admittedly made an offer to sell Dabbs tack and chalk boards for $1,160. There is nothing on the face of the document to reflect that there was a transposition of a decimal or that the figures had any relationship to Frazier's revised figures of $6,590. Frazier sent a copy of its offer a month later and renewed its offer to sell at the first quoted price. A few days later, Frazier's offer was accepted. Thus on three occasions, Frazier had opportunity to correct

its error. The error however was not corrected until over two months later and then only after Dabbs had negotiated a contract using the original Frazier quote as a basis for its own bid for school construction. Indeed not only does the evidence not reflect an obvious mistake on the face of the document, but the evidence shows that Dabbs acted to its detriment acting on the offer. Dabbs expressly denies as a fact that it was aware of any mistake or that its damages in purchasing tack and chalk boards at a higher price constituted an admission that it was aware at the time of its acceptance of the actual market value of tack boards or chalk boards. In fact it is apparent that the knowledge of what it would have to pay did not occur until long after Dabbs had accepted Frazier's offer. Lastly, we note in our consideration of this summary judgment that a finding of fact which may be inferred (i.e., that Dabbs must have been aware) but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists. *Ussery v. Koch,* 115 Ga. App. 463 (1) (a) (154 SE2d 879).

Even though questions of negligence or lack of diligence ordinarily are not susceptible of adjudication on summary judgment, our appellate courts have on many occasions ruled that a clear failure of the respondent to exercise the required duty of ordinary diligence to protect its own interests entitles a movant to such summary judgment. See *Parson v. Central of Ga. R. Co.,* 129 Ga. App. 218 (199 SE2d 396). As was said in *Fields v. Goldstein,* 97 Ga. App. 286, 288 (3) (102 SE2d 921): "[T]heir loss is attributable to their own negligence."

Where, as here, the record discloses the absence of any right of recovery in Frazier, the grant of summary judgment to Dabbs was proper. *Tingle v. Arnold, Cate & Allen,* 129 Ga. App. 134 (199 SE2d 260).

*Judgment affirmed. Carley and Beasley, JJ., concur.*

DECIDED JANUARY 17, 1985.

*Robert G. Nardone,* for appellant.
*Shepherd L. Howell,* for appellees.