71177. ROEY v. ALLSTATE INSURANCE COMPANY.
(339 SE2d 404)

CARLEY, Judge.

The litigation out of which this appeal arises began as a civil action brought by Kevin Milton against appellant and the City of Atlanta seeking damages as a result of injuries sustained by Milton when, as a pedestrian, he was struck by a City of Atlanta vehicle being operated by appellant. At the time of the incident which is the subject of the underlying damage suit, appellant was on duty as an Atlanta policeman and the 1981 Chrysler automobile he was operating was a marked police vehicle equipped with flashing blue lights, siren and other equipment normally found in police automobiles.

On the date of the above-described auto/pedestrian collision, appellant was an insured under a policy issued by appellee. Because a demand was made upon appellee for coverage and for defense of the lawsuit, appellee intervened in the personal injury civil action so as to determine the existence or nonexistence of coverage of appellant under the policy. The trial court granted summary judgment in favor of appellee.

The policy covering appellant provided that "[t]his coverage does not apply to liability for . . . a non-owned auto while being used in any business or occupation of a person insured. However, coverage does apply while you, your chauffeur or domestic servant are using a private passenger auto or trailer." Thus, the resolution of the issue of coverage vel non is dependent upon a determination of whether the vehicle appellant was driving when the plaintiff was injured was or was not a "private passenger auto." The policy does not specifically define that term and neither the court nor counsel has discovered a case wherein the exact language "a private passenger automobile" was construed in connection with a coverage question. However, in *Inter-*

*state Life &c. Ins. Co. v. Suggs*, 105 Ga. App. 524, 525 (125 SE2d 83) (1962), the insurer relied upon a policy provision in its limited accident insurance policy which restricted recovery to circumstances wherein the insured died as a result of injuries received " 'by the collision of or by any accident to any . . . *private motor-driven automobile* in which the insured is riding or driving.' " (Emphasis supplied.) In *Suggs*, as in the case sub judice, the police officer was at the time of the relevant incident, on duty in an automobile owned by the City. In resolving the coverage question adversely to the insured, this court held that "[t]he terms of the policy are clear. As we see it, the insured did not receive his fatal injuries while riding in a 'private motor-driven automobile.' " *Interstate Life &c. Ins. Co. v. Suggs*, supra, 527. We see no reason to ascribe a less restrictive meaning to the term "private passenger auto" than that applied to a "private motor-driven automobile." Logic and reason compel the equation of those terms under the circumstances involved in *Suggs* and in the instant case.

This court's decision in *Allstate Ins. Co. v. Estell*, 171 Ga. App. 773 (320 SE2d 631) (1984) does not require a different holding in this case and, in fact, *Estell*'s interpretation of an identical policy provision is consistent with the result we reach in the case at bar. Although in *Estell* this court affirmed a judgment finding coverage under the policy, the issue in *Estell* was whether or not coverage was afforded to the insured while driving *any* non-owned vehicle. In resolving the issue in favor of the insured, we noted that "[w]hile excluding any liability coverage for a non-owned auto used in the business or occupation of a person insured, Allstate nonetheless in the same paragraph reiterates that coverage does apply while the policyholder uses a private passenger auto. Therefore, applying the rules of construction set out above, we find a broad promise of coverage to the person insured while driving a non-owned auto *and no clear and explicit exclusion.*" (Emphasis supplied.) *Allstate Ins. Co. v. Estell*, supra, 774. In the instant case, the application of the policy language to the undisputed facts demonstrates that there is a "clear and explicit exclusion" to the coverage afforded to the insured. Accordingly, the trial court correctly granted summary judgment in favor of the insurer.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JANUARY 6, 1986.

*Marva Jones Brooks, Richard A. Carothers, George R. Ference*, for appellant.

*Donald M. Fain, William C. Lanham, James L. Eastham, Ron-*

*ald L. Reid*, for appellee.