73069. PREFERRED RISK MUTUAL INSURANCE COMPANY v. SOUTHERN GUARANTY INSURANCE COMPANY OF GEORGIA.
(353 SE2d 590)

BEASLEY, Judge.

This appeal was brought by Preferred Risk after the trial court's

grant of summary judgment to Southern Guaranty on its declaratory judgment action. The original complaint named as defendants Preferred Risk, its insured Mona Gordon, and Mary Ann Cooper, an insured of Southern Guaranty under a policy issued to Cooper's husband and covering Cooper's 1976 Dodge.

On August 6, 1983, Gordon was operating the Dodge with the permission of passenger Cooper, and was involved in a collision. Cooper was injured and sued Gordon. Gordon called upon Southern Guaranty to defend her under the liability provisions of the Cooper policy with Southern Guaranty. That policy provided coverage to anyone using the Cooper vehicle "with the express permission of the named insured" or "within the scope of such expressed permission." Southern Guaranty filed an answer on Gordon's behalf and notified her the next day of its reservation of right to deny coverage.

In the declaratory judgment action, on motion for summary judgment Southern Guaranty contended that no coverage was provided Gordon because of an exclusion in the policy which provided: "This policy does not apply under Part 1 [liability]: . . . to bodily injury to the insured or relative of the insured residing in the same household as the insured." The trial court agreed that this provision excluded liability protection and, finding no public policy which would override the express terms of the contract granted judgment to Southern Guaranty.

On appeal, Preferred Risk contends the trial court erred for two basic reasons: 1) Southern Guaranty waived its right to deny coverage by giving notice of its reservation of rights after filing pleadings in the personal injury case; 2) the exclusion in the contract is barred by public policy and in any case does not apply to the instant factual situation.

1. Waiver. It has long been the rule in Georgia that a liability insurer who assumes the conduct of the defense to an action with knowledge of facts constituting noncoverage and without disclaiming liability and giving notice of its reservation of rights is thereafter estopped from denying coverage. *Jones v. Ga. Cas. &c. Co.*, 89 Ga. App. 181, 185 (78 SE2d 861) (1953). The insurer can avoid estoppel by giving timely notice of its reservation of rights which fairly informs the insured of the insurer's position. *State Farm &c. Ins. Co. v. Anderson*, 104 Ga. App. 815 (123 SE2d 191) (1961).

As pointed out in *Richmond v. Ga. Farm &c. Ins. Co.*, 140 Ga. App. 215, 219 (231 SE2d 245) (1976), to avoid losing its defense, the insurer must "(a) give the insured proper unilateral notice of its reservation of rights, (b) take necessary steps to prevent the main case from going into default or to prevent the insured from being otherwise prejudiced, and (c) seek immediate declaratory relief including a stay of the main case pending final resolution of the declaratory judg-

ment action."

Southern Guaranty performed each of those requirements. It acted to prevent default and the fact it did not give its reservation of rights notice until the following day did not prejudice its insured; this is the crucial factor in such situation. See *Moody v. Penn. Millers Mut. Ins. Co.*, 152 Ga. App. 576, 577 (1) (263 SE2d 495) (1979). Filing an answer to forestall default does not constitute assuming and conducting the defense to insured's detriment so as to forfeit insurer's rights.

2. Exclusion provision. *Harbin v. Sams*, 171 Ga. App. 263 (319 SE2d 99) (1984), upheld an almost identical exclusion provision which was attacked as being against public policy. But in *Young v. Allstate Ins. Co.*, 248 Ga. 350 (282 SE2d 115) (1981) the Supreme Court observed: "financial responsibility laws are enacted for the benefit of the public rather than for the benefit of the insured. Therefore, the failure of the insured to comply with the policy provisions should not defeat the rights of those for whose benefit the law requiring the policy was enacted." Accord *Cotton States &c. Ins. Co. v. Neese*, 254 Ga. 335, 337 (329 SE2d 136) (1985): "liability insurance was required by law not only for the benefit of the insured but to ensure compensation for innocent victims of negligent motorists."

The more recent decision of *GEICO v. Dickey*, 255 Ga. 661, 662-663 (340 SE2d 595) (1986), controls. There the Court considered the following question from the federal court of appeals: "Would Georgia law require that the family or household exclusion clause in this automobile liability insurance contract be enforced to permit a denial of coverage and defense in a suit brought against the named insured by the estate of his wife and by the stepdaughter of the named insured?" In the course of its finding that the exclusion was against public policy because it was broader than the tort immunity in the state (North Carolina) in which it arose the Court noted: "Since the doctrine of intrafamily tort immunity still exists in Georgia, the exclusion puts neither the insured nor injured family member in a worse position than either would be in without the exclusion since suit would ordinarily be barred." The Court pronounced: "Under Georgia law the exclusion in question dovetails with an absence of liability. In view of our overriding policy of complete liability coverage for the protection of the public and the insured, if the exclusion were broader than the tort immunity of this state, the exclusion would be against public policy."

It is clear that the court was formally announcing that a family exclusion clause is bounded by interfamily tort immunity. Where that concept for any reason does not exist, then the basis for the exclusion also ceases. Here Gordon was not a member of the Cooper family or household. Thus she was subject to suit by Cooper. Application of the

family exclusion provision is therefore forbidden in these circumstances by the public policy to provide liability coverage to a broad spectrum of the public so that innocent victims "should have an adequate recourse for the recovery of their damages." *Anderson v. Southeastern Fidelity Ins. Co.*, 251 Ga. 556, 557 (307 SE2d 499) (1983).

Summary judgment should have been granted to Preferred Risk rather than to Southern Guaranty.

*Judgment reversed. Benham, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED JANUARY 30, 1987 —
REHEARING DENIED FEBRUARY 9, 1987 — ▇▇▇▇▇▇▇▇

*E. Wycliffe Orr*, for appellant.
*Robert M. Darroch, Elizabeth A. Obenshain*, for appellee.