73735. RODERICK et al. v. INTERNATIONAL INDEMNITY COMPANY.

(358 SE2d 923)

POPE, Judge.

This appeal is taken from the grant of summary judgment to plaintiff insurance company in a declaratory judgment action. We affirm the lower court's order holding that the family exclusion clause of the liability policy is enforceable and that the policy provides no liability coverage for the defendant, the named insured's injured minor stepchild, who was allegedly injured while he was a passenger in an automobile owned and operated by the named insured. (The defendant claimant is joined in this appeal by his father.)

1. This declaratory judgment action was brought in response to a tort claim filed by defendants against the named insured. The action, as originally pled, stated a claim in negligence. After plaintiff filed its motion for summary judgment in the declaratory judgment action, defendants sought to amend the tort action to add a claim for intentional, wilful and malicious acts. Apparently, this was an attempt to save the claim from the defense of family immunity. Defendants take exception to the statement, contained within the order granting summary judgment, that the amendment was ineffective and that the tort claim remained an action in negligence only, to which the doctrine of family immunity from liability for negligent torts would apply.

The record before us contains no indication whether the separate underlying tort action (which is not now before us on appeal) was stayed from further proceedings pending the outcome of the declaratory judgment action. In any event, it is inappropriate for the court, ruling in a declaratory judgment action, to render a ruling or finding as to the sufficiency of the pleadings or a defense in a separate underlying tort action. Accordingly, we overrule that portion of the lower court's order which attempts to make a finding or ruling as to the sufficiency of the amendment to the complaint filed in the separate

action or the application of the family immunity doctrine to the facts of that case. Nevertheless, the statement in the lower court's order is harmless error as to the grant of summary judgment in the declaratory judgment action. Except as noted in Division 2 of this opinion, the family immunity doctrine is irrelevant to issues in the declaratory judgment action. Plaintiff is entitled to summary judgment not on the basis of the family immunity doctrine but because the family exclusion clause of the policy properly excludes coverage for defendants' claim.

2. Defendants' attack on the Georgia doctrine of family tort immunity fails. The doctrine of family immunity from liability for negligent torts has been reaffirmed in recent decisions. E.g., *GEICO v. Dickey*, 255 Ga. 661 (340 SE2d 595) (1986); *Clabough v. Rachwal*, 176 Ga. App. 212 (335 SE2d 648) (1985).

The family exclusion clause of the policy at issue in this case excludes coverage for "bodily injury to you or your spouse or any resident family member of your household." The definition of "family member" contained within the policy includes a stepchild who is resident in the insured's household. So long as a family exclusion clause "dovetails" with the Georgia doctrine of family tort immunity, it is enforceable. Only "if the exclusion were broader than the tort immunity of this state [would] the exclusion . . . be against public policy." *GEICO v. Dickey*, supra at 663. The exclusion contained in the policy at issue in this case is not contrary to the public policy of this state and is enforceable. See *Harbin v. Sams*, 171 Ga. App. 263 (319 SE2d 99) (1984).

3. Defendants' attempt to bootstrap the coverage provided under the uninsured motorist provision of the policy must also fail. The policy provides coverage for damages recoverable from "the owner or driver of an uninsured motor vehicle." "Uninsured motor vehicle" is defined by the policy as one which is not covered by an insurance policy or bond providing at least minimal coverage as required by Georgia law. It is undisputed that the automobile in which the insured and her stepchild were traveling at the time of the accident which forms the basis for defendants' claim was an insured vehicle. Therefore, defendants' claim is not covered by the uninsured motorist provision of the policy. Even the Georgia statute requiring uninsured motorist coverage to be offered to an insured specifically excludes the insured's own vehicle from the definition of an uninsured motor vehicle. OCGA § 33-7-11 (b) (1) (D). "This . . . exclusion is valid and in accordance with, or compatible with, our Georgia Uninsured Motorist Statute." *Lauer v. Bodner*, 137 Ga. App. 851, 853 (225 SE2d 69) (1976). The uninsured motorist coverage of the policy at issue in this case does not cover the claim of one who is excluded from liability coverage under the family exclusion clause of the policy. Cf. *Lauer v.*

*Bodner,* supra; *Barras v. State Farm Mut. Auto. Ins. Co.,* 118 Ga. App. 348 (163 SE2d 759) (1968).

*Judgment affirmed in part and reversed in part. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JUNE 22, 1987.

*Robert E. Dunn,* for appellant.
*James D. Hollingsworth, Michael L. Wetzel,* for appellee.