44410. SOUTHERN GUARANTY INSURANCE COMPANY
v. PREFERRED RISK MUTUAL INSURANCE COMPANY.
(359 SE2d 665)

Clarke, Presiding Justice.

We granted certiorari to consider whether a family exclusion clause in an automobile liability insurance policy is void as against public policy in this case. In August 1983, Mrs. Gordon was driving a car insured by Southern Guaranty Insurance Company under a policy issued to Mr. Cooper which provided coverage to anyone driving the car with the express permission of the named insured or "within the scope of such expressed permission." She was driving the car with the permission of Mrs. Cooper, an insured under the policy and a passenger in the car. Mrs. Gordon was involved in an accident, and Mrs. Cooper was injured.

Southern Guaranty brought suit for declaratory judgment, naming as defendants Mrs. Gordon and her insurer, Preferred Risk Mutual Insurance Company, and Mrs. Cooper. Southern Guaranty was granted summary judgment on the basis that the Cooper policy contained an exclusion for bodily injury to the insured or any relative of the insured residing in the same household as the insured. Preferred Risk appealed, and the Court of Appeals reversed.

The Court of Appeals found in *Preferred Risk Mut. Ins. Co. v. Southern Guaranty Ins. Co. of Ga.*, 181 Ga. App. 688 (353 SE2d 590) (1987) that this case is controlled by our decision in *GEICO v. Dickey*, 255 Ga. 661 (340 SE2d 595) (1986). In *GEICO v. Dickey* we held that a family or household exclusion clause in an automobile liability insurance policy was against public policy where the exclusion was broader than the tort immunity of the insured in the state in which he was being sued, North Carolina. Although we found that the exclusion would have been valid in Georgia, where the policy was written, because of Georgia's interfamily tort immunity which would insulate the insured from liability, we held that "[w]hen an insured purchases a policy of automobile insurance in Georgia which gives him protection against liability in Georgia, he is entitled to the same protection when he crosses into another state." Id. at 663. A crucial

factor in our finding that a family exclusion clause is not per se against public policy was the finding that the exclusion dovetailed with absence of liability in Georgia, where the policy was written and delivered.

Although we reiterated in *GEICO v. Dickey* the principle that ". . . compulsory liability insurance is required 'not only for the benefit of the insured but to ensure compensation for innocent victims of negligent motorists.' *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335 (329 SE2d 136) (1985)[,]" *GEICO v. Dickey*, supra at 662, our decision turned on the exposure of the insured to liability. If the compensation of victims were the overriding consideration in every case, we would conclude that no exclusion is possible in automobile liability policies. However, since Georgia law does not require liability insurance in every case, we have concluded that exclusions are not per se prohibited but must be individually evaluated to determine whether they are against public policy. *Cotton States Mut. Ins. Co. v. Neese*, supra at 338, n.6. Having already found that family exclusion clauses are not per se against public policy, we must determine whether in the context of this case the exclusion either unfairly penalizes innocent victims or unfairly exposes the insured to liability.

The victim in this case is an insured under her husband's policy. While presumably innocent of any wrongdoing, she is not an innocent member of the motoring public in the sense of being an unsuspecting victim. As an insured she is deemed to know the contents of the policy. *Wheeler v. Standard Guaranty Ins. Co.*, 168 Ga. App. 565 (309 SE2d 805) (1983). This includes knowledge of the exclusion. Since it was only through her permission that Mrs. Gordon was driving the car covered by the policy, Mrs. Cooper, presumably knowledgeable about the exclusion in the policy covering the car, was in a position to inquire about Mrs. Gordon's insurance. On the other hand, neither the named insured nor any member of the household was exposed to additional liability because of the exclusion under the facts of the case. From the standpoint of the named insured, coverage of Mrs. Gordon is important only insofar as he might be exposed to liability as owner of the car for her accident while driving his car. It is clear that under the present facts he will suffer no such exposure.

In this case there is neither the prejudice to innocent members of the motoring public which was the issue in *Young v. Allstate Ins. Co.*, 248 Ga. 350 (282 SE2d 115) (1981); and in *Cotton States Mut. Ins. Co. v. Neese*, supra, nor the unfair exposure of the insured to unanticipated liability which was the problem in *GEICO v. Dickey*, supra. Therefore, the family exclusion clause is not against public policy and should be upheld. Accord *Harbin v. Sams*, 171 Ga. App. 263 (319 SE2d 99) (1984).

*Judgment reversed. All the Justices concur, except Smith, J.,*

*who dissents.*

DECIDED SEPTEMBER 9, 1987.

*Jenkins, Bergman & Darroch, Robert M. Darroch, Elizabeth A. Obenshain,* for appellant.
*Gilbert & Montlick, Fred A. Gilbert, E. Wycliffe Orr, Blasingame, Burch, Garrard & Bryant, Andrew J. Hill III, Timothy W. Floyd, Talmadge, Mullis & Green, John E. Talmadge,* for appellee.