77473. SOUTHEASTERN FIDELITY INSURANCE COMPANY
v. CHANEY et al.
(376 SE2d 710)

Banke, Presiding Judge.

The appellant, Southeastern Fidelity Insurance Company, issued a policy of motor vehicle liability insurance to the appellees, Effie and June Chaney. The insured vehicle was owned by and registered to Effie Chaney; however, she did not have a driver's license, and she was identified on the policy as a non-driver. The regular driver of the vehicle was June Chaney, Effie's 25-year-old daughter, who resided in the same household with Effie along with two children of her own.

During the period the policy was in effect, Effie was injured in a collision which occurred while she was riding in the insured vehicle as a passenger. June was driving the vehicle at the time, and Effie submitted a claim to the insurer for liability benefits, contending that the collision had been caused by June's negligence. In response, the insurer filed the present action seeking a judicial declaration that it had no obligation to pay such benefits, due to the presence in the policy of a "Family Exclusion Endorsement" providing as follows: "This policy does not apply under the Bodily Injury and Property Damage Liability coverages to (1) the named insured, or (2) any person who is related by blood, marriage or adoption to and is a resident of the same household as (i) the insured or (ii) the person for whose use of the automobile or trailer the insured is legally responsible. If this policy is issued in a state where Personal Injury Protection coverage is required, this endorsement does not apply to the Personal Injury Protection coverage."

The trial court granted summary judgment to the insureds on the coverage issue, while denying summary judgment to the insurer. This appeal followed. *Held*:

Because June is an emancipated adult, she would have no immunity from liability to Effie under the intrafamily tort immunity doctrine. See *Howard Concrete Pipe Co. v. Cohen*, 139 Ga. App. 491, 493 (3) (229 SE2d 8) (1976); *Davis v. Cox*, 131 Ga. App. 611, 614 (206 SE2d 655) (1974). The insureds consequently contend that the family

exclusion endorsement must be considered unenforceable under *GEICO v. Dickey*, 255 Ga. 661 (340 SE2d 595) (1986), wherein the Supreme Court held that a family or household exclusion clause appearing in a contract of motor vehicle liability insurance issued in Georgia is violative of public policy to the extent that it purports to grant to the insurer broader protection from liability than the insured tortfeasor enjoys under the tort law applicable in the state where he is being sued. The appellant insurer, on the other hand, relies on the Supreme Court's more recent decision in *Southern Guaranty Ins. Co. v. Preferred Risk Mut. Ins. Co.*, 257 Ga. 355 (359 SE2d 665) (1987), holding that a named insured's wife was not entitled to recover liability benefits for injuries incurred while riding as a passenger in the insured vehicle at a time when the vehicle was being driven by a friend.

In holding that the family exclusion clause was enforceable under the facts of the *Southern Guaranty* case, the Court explained that its decision in *GEICO v. Dickey* had turned not merely on the public policy of ensuring compensation for innocent victims of negligent motorists but also on "the exposure of the insured to liability." *Southern Guaranty*, supra, 257 Ga. at 356. The Court thus appeared to place great importance on the fact that the alleged tortfeasor in the *GEICO* case was the policyholder, whereas the alleged tortfeasor in the *Southern Guaranty* case was a stranger to the insurance contract. (In this connection, the Court may also have been influenced by the fact that the alleged tortfeasor in the *Southern Guaranty* case was separately covered under a policy of motor vehicle insurance issued to her in her own right by another company.) In holding that the family exclusion clause was not against public policy and was enforceable in the *Southern Guaranty* case, the Supreme Court reasoned that to deny liability benefits to the wife of the named insured under the circumstances would result neither in "prejudice to innocent members of the motoring public," nor in "unfair exposure of the insured to unanticipated liability which was the problem in *GEICO v. Dickey*." Id. at 356.

The facts in the present case appear to fall somewhere between those in *Southern Guaranty* and those in *GEICO*. On the one hand, the alleged tortfeasor is herself a named insured facing exposure to liability, a fact which tends to bring the case within the ambit of *GEICO*. On the other hand, enforcement of the family exclusion clause would not result in potential prejudice to "innocent members of the motoring public" who are not themselves signatories to the policy, a fact which tends to make *Southern Guaranty* applicable. On balance, however, we conclude that the more important consideration is the protection of a named insured from exposure to liability resulting from the operation of the insured vehicle, and we accordingly hold

that *GEICO* rather than *Southern Guaranty* is the controlling authority. Consequently, we affirm the order of the trial court granting summary judgment to the appellees and denying summary judgment to the appellant on the coverage issue.

*Judgment affirmed. Beasley, J., concurs. Birdsong, C. J., concurs specially.*

BIRDSONG, Chief Judge, concurring specially.

I agree with the majority that so long as the holding of *GEICO v. Dickey*, 255 Ga. 661, 663 (340 SE2d 595), is extant, we should follow its literal meaning, i.e., "if the exclusion were broader than the tort immunity of this state, the exclusion would be against public policy." It is not contested that the insured's tort liability in the instant appeal exists, and the policy "exclusion [is] broader than the tort immunity of the state." Accordingly, I am constrained to follow *Dickey*, even though I doubt its viability in light of *Southern Guaranty Ins. Co. v. Preferred Risk Mut. Ins. Co.*, 257 Ga. 355 (359 SE2d 665), which reversed *Preferred Risk Mut. Ins. Co. v. Southern Guaranty Ins. Co.*, 181 Ga. App. 688 (353 SE2d 590), which appears to hold the same thing as this opinion. Accordingly, I concur with the result reached.

DECIDED DECEMBER 2, 1988 —
REHEARING DENIED DECEMBER 14, 1988 —

*Newton, Smith, Durden, Kaufold, Wilson R. Smith,* for appellant.
*Joseph J. Hennesy, Jr.,* for appellee.