## A89A0140. STEPHO v. ALLSTATE INSURANCE COMPANY.
(382 SE2d 154)

BIRDSONG, Judge.

The facts giving rise to this litigation show that Stephen Stepho maintained a household in which were resident with him four sons and a daughter. Stephen Stepho owned a pick-up truck which was insured by Allstate Insurance Company. Named insured in that policy were Stephen Stepho and his adult son, Saad Stepho. On October 4, 1987, Stephen Stepho authorized, by telling, his adult son, Saad, to use the pick-up truck on the son's business. On October 4, 1987, Ste-

phen Stepho's minor son, Nashwan Stepho, aged 14, was a passenger in Stephen's car while being operated by his adult son, Saad. Nashwan was one of the four natural sons resident in Stephen Stepho's home. While operating the vehicle, Saad was involved in an accident, resulting in personal injury to his brother, Nashwan. On pages 5-6 of the insurance policy issued to Stephen Stepho, naming Stephen and Saad as insureds, appears the following: "Exclusions—What is not covered. This coverage does not apply to liability for . . . (6) bodily injury to any person related to a person insured by blood . . . and residing in that person's household." Stephen Stepho on behalf of his minor son, Nashwan, brought this complaint for personal injuries suffered by Nashwan against his adult, emancipated son Saad, and against Allstate Insurance Company, apparently on the theory that the accident and injury were caused by an uninsured motorist. Allstate moved for summary judgment which was granted. It is that grant that forms the basis of this appeal. *Held*:

At the outset we can eliminate from our consideration in this case the application of laws dealing with uninsured motorist coverage. As pertinent, uninsured motor vehicle as defined by the policy in question is one which is not covered, coverage is legally denied by the insurer or does not meet minimal coverage amounts. Allstate in this case disputes coverage only if the contractual exclusionary clause is applicable. It is undisputed that the automobile in which Saad and Nashwan were traveling at the time of the accident was an insured vehicle. See *Roderick v. Intl. Indem. Co.*, 183 Ga. App. 393, 394 (3) (358 SE2d 923).

Appellants, father and son, present for our consideration the mixed question of the interaction of the doctrines of family immunity and contractual exclusions based upon familial relationships.

In the case of *Arnold v. Arnold*, 189 Ga. App. 101 (375 SE2d 225), affirmed 259 Ga. 150 (377 SE2d 856), this court considered the doctrine of family immunity. The reason underlying that doctrine generally is recognized to be that lawsuits between parent and child incite to disruption of family harmony and encourage fraud or collusion. In the *Arnold* case, supra, this court held that blood relationship was not the only or overriding condition. The case recognized that the family immunity doctrine was pertinent primarily between spouses and parents and unemancipated children. Litigation between parents and emancipated and/or adult children may not be so proscribed. See *Reese v. Reese*, 142 Ga. App. 243, 247 (236 SE2d 20); *Davis v. Cox*, 131 Ga. App. 611, 614 (206 SE2d 655); *Wright v. Wright*, 85 Ga. App. 721, 725 (1) (70 SE2d 152). This court held specifically in the *Arnold* case, supra at p. 103: "Logic dictates that these legal principles would be equally applicable to suits brought by an unemancipated minor sibling against an adult sibling who is residing in the same parental

household as the suing sibling."

It is apparent that if this court dealt only with the family immunity doctrine, Nashwan as an unemancipated sibling, would be entitled to sue in tort his emancipated brother Saad, even though they dwell together in the parental home. *Arnold*, supra at 104.

However, the grant of summary judgment in this case is not based on the general doctrine of family immunity, but specifically upon the contractual provision in the contract of insurance.

Appellants argue however that because under the family immunity doctrine Nashwan apparently could pursue a tort action against his older, adult brother, Saad, the total exclusionary clause in the contract is broader in its limitation than the policy of general family immunity. Considering this state's policy of mandatory insurance coverage to afford complete liability coverage for the protection of the public and the insured, if the contractual exclusion is broader than the tort immunity of the State, the exclusionary clause would be against the public policy. See *GEICO v. Dickey*, 255 Ga. 661, 662 (340 SE2d 595). This in substance is the argument advanced by appellants to challenge the grant of summary judgment to Allstate.

The question for our resolution is whether the permissibility of inter-sibling suit under the family immunity doctrine makes the family exclusionary clause in this contract of insurance against public policy. We hold that it does not, for one may contract away a right if that action is not against public policy. *Doyle v. Liberty Mut. Ins. Co.*, 160 Ga. App. 138, 139 (286 SE2d. 475); *Brown v. Five Points Parking Center*, 121 Ga. App. 819, 821 (1) (b) (175 SE2d 901).

It has been held that exclusionary clauses in policies of insurance are not per se prohibited in this state. *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335, 338 (6) (329 SE2d 136). Thus we must determine whether within the context of this case, the family exclusion unfairly penalizes innocent victims or unfairly exposes an insured to liability and thus is against public policy.

It is manifest that innocent victims will not suffer under this exclusionary clause. Nashwan, Saad and Stephen Stepho are all insureds under the terms of the policy. As insureds, the law presumes their knowledge of the contents of the policy (*Wheeler v. Standard Guaranty Ins. Co.*, 168 Ga. App. 565 (309 SE2d 805)), including the family exclusion. Since the policy included as well as excluded all parties involved, no insured will unfairly be exposed to additional liability. See *Southern Guaranty Ins. Co. v. Preferred Risk Mut. Ins. Co.*, 257 Ga. 355, 356 (359 SE2d 665). Under such circumstances the family exclusion clause is not against public policy and properly may be upheld. *Harbin v. Sams*, 171 Ga. App. 263 (319 SE2d 99). It follows that the trial court properly granted summary judgment to appellee Allstate Insurance Company.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED APRIL 28, 1989 —
REHEARING DENIED MAY 9, 1989 — 

*Edgar L. Crossett III*, for appellant.
*Chambers, Mabry, McClelland & Brooks, Clyde E. Rickard III, Fain, Major & Wiley, Thomas E. Brennan*, for appellee.