A89A1528. DAIRYLAND INSURANCE COMPANY v.
BLAYLOCK et al.
(387 SE2d 405)

Sognier, Judge.

Dairyland Insurance Company brought this declaratory judgment action against Tony Blaylock, its named insured, and Rebecca Lynn Blaylock by next friend and guardian Mary Sue Roper to determine its liability under the policy it issued Tony Blaylock to Rebecca Blaylock for the death of her mother, Patricia Ann Roper, who was killed in an automobile collision while driving Tony Blaylock's car. Rebecca Blaylock's claim against Tony Blaylock is based upon an allegation of defective brakes and negligent maintenance of the brakes. Upon finding that the "household exclusion" in the policy through which Dairyland had denied coverage was void as against public policy, the trial court denied Dairyland's motion for summary judgment and granted that of the defendants. Dairyland appeals.

The record reveals that Patricia Roper and Randall Blaylock, Tony Blaylock's brother, were the parents of Rebecca Blaylock although they had never married. Roper's parents testified by affidavit that she lived with her father in South Carolina but on occasion stayed with friends in Georgia while working as a laborer in Dalton carpet mills. Tony Blaylock testified by deposition that in previous years Roper and Randall Blaylock had stayed at his house for short periods of time, but that on the date of the accident Roper was working in Georgia and staying with Blaylock's sister. He also testified that Roper and several other friends spent the night of May 13, 1985 at his home, and that Roper was driving his car with his permission the next morning when the accident occurred. The record disclosed that Roper had both a Georgia and a South Carolina driver's license, and that the death certificate listed her address as 1591 Beaverdale Road, which was Tony Blaylock's address. Different newspaper accounts of the incident listed Roper's address as Boyles Mill Road, Dalton and as Central, South Carolina.

Tony Blaylock was insured by an automobile policy issued by appellant which contained the following exclusion: "The liability insurance of this policy doesn't apply to bodily injuries or property damage

suffered by . . . anyone who is a member of the family of the person named on the declarations page and who lives with that person . . . [or to] any person using the insured motor vehicle with [the insured's] permission, or to anyone who is a member of the family of that person and who lives with that person." (Emphasis omitted.) The trial court held that the permissive user portion of this exclusion was against public policy and thus unenforceable.

1. Appellant contends the trial court erred by denying its renewed motion for summary judgment, as no material question of fact remains that Roper was a resident member of Tony Blaylock's family and accordingly encompassed within the first portion of the quoted exclusion.

This enumeration is without merit. Pretermitting the question whether Roper was or had been the common law wife of Randall Blaylock and thus Tony Blaylock's sister-in-law, the unrebutted testimony of Tony Blaylock and Roper's parents established that at the time of the accident Roper was a resident of her father's household in South Carolina, and not a resident of Tony Blaylock's home as appellant asserts. Although appellant maintains that the address given on Roper's death certificate, combined with the fact that Roper had a Georgia driver's license and was the mother of Tony Blaylock's niece, leads to an inference that she was a resident member of his household, on motions for summary judgment "a finding of fact which may be inferred . . . but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists. [Cit.]" *Frazier Assoc. &c. v. Dabbs & Stewart*, 173 Ga. App. 304, 306 (325 SE2d 914) (1985).

2. Appellant also contends the trial court erred by holding that the permissive user exclusion was void as against public policy. Under our compulsory liability insurance law, liability insurance is required "not only for the benefit of the insured but [also] to ensure compensation for innocent victims of negligent motorists." *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335, 337 (329 SE2d 136) (1985). Household or family exclusions in automobile liability insurance policies are not per se void as against public policy, see id. at 338, n. 6, and accordingly must be evaluated individually to determine whether within the context of the facts at issue enforcement of the exclusion "either unfairly penalizes innocent victims or unfairly exposes the insured to liability." *Southern Guaranty Ins. Co. v. Preferred Risk &c. Ins. Co.*, 257 Ga. 355, 356 (359 SE2d 665) (1987). Construing *Neese* and *Southern Guaranty*, as well as *GEICO v. Dickey*, 255 Ga. 661 (340 SE2d 595) (1986), the Supreme Court recently stated that "[a] clear thread of consistency runs through each of these cases as they apply the dual policies of protection for innocent victims of negligent members of the motoring public and protection of the insured against

unfair exposure to unanticipated liability. This results in a basic rule that if either of the[se] interests . . . is left unprotected, the exclusionary clause in the insurance contract offends public policy." *Stepho v. Allstate Ins. Co.*, 259 Ga. 475, 476 (383 SE2d 887) (1989).

In the case at bar, we find no unanticipated exposure of Tony Blaylock to liability because Georgia drivers have a statutorily imposed obligation to equip their vehicles with adequate brakes. OCGA § 40-8-50. However, we agree with the trial court that enforcement of the permissive driver aspect of the household exclusion at issue would unfairly penalize an innocent member of the motoring public. The undisputed evidence shows that Roper was a permissive driver of the insured's car, not a resident member of his household. Consequently, unlike the claimant in *Southern Guaranty*, supra, Roper cannot be presumed to have had knowledge of the household exclusion in Tony Blaylock's policy with appellant. Compare id. at 356. Further, as Roper was not responsible for maintaining Tony Blaylock's car, if the brakes are proven to have been defective, Roper was an innocent victim and would be unfairly prejudiced if the exclusion is enforced. See *Neese*, supra at 340-341. Roper's status is analogous to that of the claimant in *Stepho*, supra, wherein the lack of intrafamily tort immunity would have left the injured party without insurance coverage if the exclusion had been enforced, and as a result the Supreme Court found the exclusion at issue to be unenforceable. Thus, we concur in the trial court's holding that the exclusion is unenforceable in this context as against public policy, and accordingly affirm the ruling that appellees were entitled to summary judgment and that appellant's motion for summary judgment should be denied. See *Southeastern Fidelity Ins. Co. v. Chaney*, 259 Ga. 474 (381 SE2d 747) (1989); compare *Southern Guaranty*, supra. However, we note that under the authority of *Stepho*, supra at 477 (2), and *Neese*, supra at 341-342 (2), appellant's liability is limited to the extent of the mandatory coverage required by OCGA §§ 33-34-4 (a); 40-9-37 (a).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED OCTOBER 12, 1989.

*Eason, Kennedy & Associates, Richard B. Eason, Jr., Carolyn J. Kennedy*, for appellant.

*Daniel R. Mason*, for appellees.