## A89A0140. STEPHO v. ALLSTATE INSURANCE COMPANY.
(389 SE2d 274)

BIRDSONG, Judge.

This case initially came before us as an appeal from an order of the trial court granting summary judgment to Allstate Insurance Company. In *Stepho v. Allstate Ins. Co.*, 191 Ga. App. 494 (382 SE2d 154), we held that the permissibility of inter-sibling suit under the family immunity doctrine did not make the family exclusionary clause in the contract of insurance void as against public policy, and affirmed the judgment of the trial court. In *Stepho v. Allstate Ins. Co.*, 259 Ga. 475 (383 SE2d 887), the Supreme Court reversed our decision concluding the exclusion in question "is against public policy and must not stand."

The Supreme Court further held that Georgia's compulsory insurance law does not establish public policy as to sums *greater* than those required by such law; thus in the case sub judice "Allstate's liability is limited to the mandatory $15,000 coverage."

Accordingly, we must reverse the judgment of the trial court and remand this case with direction to apply the holding of the Supreme Court that the exclusion while violative of public policy was so only to the extent of the mandatory insurance amount of $15,000.

*Judgment reversed and case remanded with direction. Deen, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 8, 1989.

*Edgar L. Crossett III*, for appellant.

*Chambers, Mabry, McClelland & Brooks, Clyde E. Rickard III, Thomas E. Brennan*, for appellee.