A93A2568. MOORE v. ALLSTATE INSURANCE COMPANY.

(440 SE2d 682)

ANDREWS, Judge.

This case involves the interpretation of an automobile liability insurance exclusion arising from the following facts. On March 26, 1990, Forrest James Gay and appellant Moore were involved in a vehicular accident. At the time of the accident, Gay was in the course and scope of his employment as a garbage collector and was operating a vehicle owned by the City of Atlanta. Gay was privately insured with Allstate Insurance Company. Moore had no insurance and was driving a rental vehicle on the date of the collision.

Moore filed a civil suit against Gay and the City of Atlanta. Al-

though Gay did not notify Allstate of the suit against him, Moore undertook to do so. The City of Atlanta also requested that Allstate provide Gay with a defense.

Allstate filed a declaratory judgment action seeking a determination as to whether its private automobile liability insurance policy provided coverage for the accident. Allstate then filed a motion for summary judgment based on the language of the exclusion and on the fact that Gay did not provide proper notice to Allstate. The superior court granted summary judgment to Allstate on the basis of the business use exclusion. Moore appeals.

In his sole enumeration of error, Moore contends that the trial court erred when it denied his motion for judgment on the pleadings and granted the motion for summary judgment.

The Allstate policy which covered Gay contains within the liability portions an exclusion which provides that "this coverage does not apply to liability for (3) a non-owned auto while being used in any business or occupation of a person insured. However, coverage does apply while you, your chauffeur, or domestic servant are using a private passenger auto or trailer."

The business exclusion here is valid and establishes that there was no Allstate coverage for Gay for the accident at issue here. See *Roey v. Allstate Ins. Co.*, 177 Ga. App. 434 (339 SE2d 404) (1986). There is a clear and explicit exclusion to the coverage afforded to Gay, within which the accident here fell. Compare *Allstate Ins. Co. v. Estell*, 171 Ga. App. 773 (320 SE2d 631) (1984).

Nonetheless, citing several cases including *Stepho v. Allstate Ins. Co.*, 259 Ga. 475 (383 SE2d 887) (1989); *Dairyland Ins. Co. v. Blaylock*, 193 Ga. App. 175 (387 SE2d 405) (1989), Moore argues that the exclusion here is against public policy. He argues that the City of Atlanta has only $1,000 in insurance coverage and that this fact should operate to extend Gay's liability coverage.

We do not agree. We are aware of the "dual policies of protection for innocent victims of negligent members of the motoring public and protection of the insured against unfair exposure to unanticipated liability." *Dairyland*, supra at 176-177. Here, innocent members of the public are not injured by application of this exclusion, and there is no unfair exposure of the insured to liability. See generally *Empire Fire &c. Co. v. Dobbins*, 205 Ga. App. 700 (423 SE2d 396) (1992); *Progressive Preferred Ins. Co. v. Browner*, 209 Ga. App. 544 (433 SE2d 401) (1993). We see no reason to find the exclusion unenforceable.

Similarly, Moore's argument regarding Gay's compliance with OCGA § 40-9-34 is without merit.

The denial of Moore's motion for a judgment on the pleadings was proper.

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JANUARY 21, 1994 —
RECONSIDERATION DENIED FEBRUARY 4, 1994 — 

*Robert M. Goldberg*, for appellant.

*Fain, Major & Wiley, Charles A. Wiley, Jr., Brian H. Alligood, Bruce P. Johnson, Joe M. Harris, Jr., Michael V. Coleman*, for appellee.