48214. JOHNSON v. TUCKER et al.

QUILLIAN, Judge. Mrs. Willie Esther Smith Johnson filed an action for the wrongful death of her minor son, Charles Lamar Johnson, in the Warren Superior Court against William Edwin Tucker, Billy A. Tucker, John Collier Bazal, and Josephine Scott. Complaint alleged that the defendant William Tucker was driving an automobile owned by the defendant Billy Tucker in a negligent manner; that the driver permitted a loaded pistol to be carried in the automobile and failed to properly control the

conduct of the passengers therein; that the negligence of the driver is imputable to the defendant Billy Tucker as his guardian and owner of the automobile under the "Family Car Doctrine"; that John Bazal, defendant, had in his possession a deadly fire arm (a loaded pistol) at the time of the instance in question; that the defendant John Bazal possessed such fire arm without a permit and was reckless in his conduct with regard to such loaded weapon; that his negligence was imputable to the defendant Josephine Scott and that she was negligent in permitting him to possess a deadly fire arm without proper instruction or supervision, and in making such weapon available to the defendant John Bazal. The complaint alleged that the concurrent negligence of the defendants caused and contributed to the death of Charles Lamar Johnson. The action sought recovery against all the defendants in the amount of $250,000.

The defendants William and Billy Tucker moved for summary judgment. In support thereof was the affidavit of John Bazal which stated that he used a .38 caliber revolver owned by his grandmother Lena Chapman Scott to hunt wild hogs with William and Billy Tucker and two others; that after hunting he put the pistol on the floor in the front of a 1964 Chevrolet automobile belonging to Billy Tucker, the pistol being on the right side by the front seat. The affidavit further recited that several hours later while riding in the automobile with the defendant William Tucker, seated on the left side, with the deceased Charles Lamar Johnson, seated in the middle, and with the deponent sitting on the right side, and that while the automobile was being driven the deponent picked the pistol up off the floor to see if it was loaded; that while he was holding the pistol it fired with the bullet striking Charles Lamar Johnson from which wound he subsequently died. The deponent stated that nothing having to do with the operation of the car caused the pistol to fire; that the parties were not engaging in any horse play but were merely engaged in normal conversation.

In opposition to the motion for summary judgment was offered the affidavit of Gerald Johnson, the father of the deceased, who stated that John Bazal told him that as the car was making a left-hand turn and as a result of the left-hand turn the pistol slid out from under the front seat of the car and that he picked the pistol up from the floor of the car and it went off accidently and that he did not touch the trigger of the pistol.

The motion for summary judgment came on for a hearing and the

trial court, after asserting its decision, entered a judgment sustaining the motion for summary judgment brought by William and Billy Tucker. From this judgment, appeal was taken. *Held:*

On summary judgment the burden was on the defendants, as movants, to pierce the allegations of the complaint and to establish that as a matter of law the plaintiff could not recover. *Hanchey v. Hart,* 120 Ga. App. 677 (171 SE2d 918). If they failed to do so, even though on the trial the plaintiff might not be able to recover, summary judgment would not be proper. *Southeastern Builders v. Starrett,* 127 Ga. App. 5 (192 SE2d 394).

Although the plaintiff cites several Code sections which it is contended were violated by the acts of the defendant, we find no basis on which to predicate a holding that the defendants were negligent per se. However, the complaint alleges that the driver permitted a loaded pistol to be carried in the automobile; the affidavits show that the loaded pistol was placed on the floor by the right front seat and according to one affidavit the pistol slid out and was picked up by the defendant John Bazal prior to its being discharged.

Whether these acts in their entirety would constitute such negligence as would entitle the plaintiff to recover would be for a jury and not the trial court to determine.

*Judgment reversed. Bell, C. J., and Deen, J., concur.*

ARGUED MAY 1, 1973 — DECIDED SEPTEMBER 17, 1973.

*Walton Hardin,* for appellant.

*Fulcher, Hagler, Harper & Reed, Gould B. Hagler, E. Purnell Davis,* for appellees.