49120. DAVIS v. COX et al.

Argued March 5, 1974 — Decided April 5, 1974 —
Rehearing denied April 18, 1974.

*J. S. Hutto & Associates, Randall M. Clark, J. S. Hutto,* for appellant.

*Fendig, Dickey, Fendig & Whelchel, Richard A.*

*Brown, Jr.,* for appellees.

DEEN, Judge.

1. The defendants freely admit that they knew the pistol was lying in the top drawer of the chest, knew it was loaded, knew the father was mentally incompetent, and would have removed it from his reach had it occurred to them that he might come upon it and use it. We see no distinction here between this case and the precedents of *Glean v. Smith,* 116 Ga. App. 111 (156 SE2d 507) and *Johnson v. Tucker,* 129 Ga. App. 648 (200 SE2d 489). In *Glean* the father left a pistol in a chest drawer and his infant son shot a playmate with it. In *Johnson* the driver of an automobile permitted another passenger to carry a loaded pistol which the latter picked up, accidentally injuring another passenger. Gunpowder is a dangerous instrumentality, and there is a duty on the owner to keep it properly within his control. *Fielder v. Davison,* 139 Ga. 509 (1), 510 (77 SE 618). All the more so is a loaded pistol in the hands of one who does not have full possession of his faculties. Whether that person suffers mental incapacity due to extreme youth or old age is not the question. Neither is it important, if the injury results from the incapacity of the actor, whether the injury is inflicted on self or others.

The true issue in the case is foreseeability, since "negligence, to be actionable, carries with it the concept of foreseeability." *Deco Leasing Co. v. Harvey,* 114 Ga. App. 217 (150 SE2d 699). Just as in *Glean* and *Johnson,* supra, the court cannot say on motion for summary judgment that it is legally unforeseeable that one who leaves a loaded pistol in a bureau drawer where medicines are stored could not anticipate that an ambulatory senile patient subject to spells of "wildness" would not come upon it, or having found it, would not mindlessly use it to work injury on himself or another.

2. The defendants further contend that the plaintiff mother is barred by the death statute (Code Ann. § 105-1302) from suing *her daughter* for the death of her husband, since under Code § 105-1304 she holds any recovery "as if it were personal property descending to the widow and children from the deceased." Defendants

impliedly admit this contention was decided against them in *Walden v. Coleman,* 217 Ga. 599 (124 SE2d 265) but contend the Supreme Court was incorrect in so doing. We are bound by the case as written, and especially the statement on page 605 as follows: "[E]ach of the beneficiaries specified by Code § 105-1302 has a separate cause of action for the death of their husband and father, which the mother, if in life, asserts by action for all of them and in the instant case there is no reason why the defendant by proper pleadings could not have asked for a reduction in the amount which the plaintiff widow is seeking to recover from him to the extent of his wife's share in the full value of her father's life whose death was allegedly caused by her negligence." An *adult* child (as opposed to one unemancipated) may sue a parent for negligence (*Farrar v. Farrar,* 41 Ga. App. 120 (152 SE 278), and it follows that a parent may also sue an adult child. The question raised, however, is not whether such an action will lie generally, but whether it lies under the death statutes where normally the mother sues for herself and her children and the recovery is divided between them. This it does, insofar as her share of the recovery is concerned. Under the Code the widow sues separately; she is the sole plaintiff. The defendant daughter is obviously not a plaintiff nor entitled to any part of the plaintiff's recovery, and that part of the recovery which would have been hers had the action been against a third party tortfeasor is to be subtracted from what would otherwise have been the full recovery, if any.

The appellees also cite *Harrell v. Gardner,* 115 Ga. App. 171 (154 SE2d 265) and *Horton v. Brown,* 117 Ga. App. 47 (159 SE2d 489). These cases have no bearing on the problem because they deal with the inhibition of actions between husband and wife. It was there held that since the mother, whose wrongful death was allegedly attributable to her husband, could not have sued him in tort had she survived, the children, whose right of action depends on hers, are foreclosed. Here, on the contrary, we have a mother, to whom a right is given by statute to sue in her own name, bringing an action against an adult child as the alleged tortfeasor. Against this no such prohibition lies.

The trial court erred in granting the defendants' motion for summary judgment.

*Judgment reversed. Stolz and Webb, JJ., concur.*