53758. REESE et al. v. REESE.

QUILLIAN, Presiding Judge.

This is a negligence action brought by a mother and father against their adult son. The complaint alleged that on October 2, 1975, the defendant negligently and carelessly drove his Chevrolet pickup truck or allowed the truck to be driven against and into the plaintiff mother, causing her serious injuries. The plaintiff father sought recovery against the defendant for loss of consortium of his wife.

The defendant answered and subsequently counsel

for the defendant took the deposition of both plaintiffs. The defendant then moved for summary judgment. In response to the motion for summary judgment the plaintiffs filed affidavits and also the deposition of the defendant. The motion came on for hearing at which the trial judge granted the defendant's motion. From that judgment, the plaintiffs appeal to this court. *Held:*

The undisputed facts in this case may be summarized as follows. At approximately 1 a.m. on October 2, 1975, the plaintiffs and the defendant were at the plaintiffs' residence where the defendant and the plaintiff father were preparing the defendant's truck for its sale the following morning. The defendant had left his truck with the engine running in order that the automatic transmission fluid might be checked. While this was going on, the plaintiff mother came out of the house and got into the truck in order to listen to the radio. She then began to get out of the truck and heard a click at which time the truck began to move in reverse, the open door striking her in the back and knocking her to the ground where she was dragged and then run over by the wheels of the truck.

There are two versions as to why the plaintiff mother went out to the truck to listen to the radio. In the first version, the plaintiff mother testified by deposition that she went to the car in order to hear the weather report. This was substantiated by the plaintiff father who testified: "she got in the truck, as she often does, and listened to the radio." In the second version, the plaintiff mother testified by affidavit that she was requested by her son, the defendant, to get in the car to listen to the radio for the purpose of hearing the weather report because there had been tornado warnings in the area. This version was substantiated by the defendant who testified that he asked his mother to go to the truck and listen to the radio for the express purpose of hearing the weather report.

There are also other variations in the testimony. The defendant testified he was in the truck at the same time as his mother, the plaintiff, and that he turned on the radio for her. The plaintiff mother stated that she turned on the radio. The defendant, by deposition, further testified that

he did not know what position he left the transmission shift lever in at the time he got out of the truck after starting it. By affidavit, he stated that he had left the truck in park. The defendant also testified that there was a device, "a gear lever," under the hood of the truck where he was working which was close to the automatic transmission stick; that in checking the transmission fluid level he may have bumped that device. He answered "yes" to the question: "Then are you stating that there is something under the hood of your car that will allow you to change gears?"

The defense made four basic contentions in the court below. They are: (1) that the plaintiff mother was a guest passenger in the vehicle at the time she was injured and hence the duty of care owed her was only that of slight care and that the defendant had to be guilty of gross negligence in order to be found liable; (2) that the evidence failed to show an absence of slight care; (3) because the plaintiff mother was a guest passenger the doctrine of res ipsa loquitur would not obtain since it is not applicable in a situation where the plaintiff must show gross negligence, citing *Minkovitz v. Fine,* 67 Ga. App. 176 (19 SE2d 561); (4) since the evidence showed that the defendant was not mentally competent the doctrine of intra-family immunity was applicable; that is, that the defendant should be treated as a minor, unemancipated child who is barred from suing or being sued by his parents.

1. In answer to our certified question, the Supreme Court has held: Where a party to a case, upon whom the burden of proof on the trial of the case does not lie, makes a motion for summary judgment all the evidence adduced on the motion, including the testimony of the party opposing the motion is construed most strongly against the movant. *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866).

For the purposes of this case we assume, but do not decide, that one who gets into a vehicle which is running for the purpose of listening to the radio is a passenger in such vehicle. In determining whether one is a guest passenger or an invitee in a vehicle we consider the following guidelines. "1. A 'guest' in an automobile, within the contemplation of the law that towards him the

host owes only the duty of exercising slight care, is one who takes a ride in the automobile merely for his own pleasure or on his own business and without making any return or conferring any benefit upon the host other than the pleasure of his company. . . 2. The status of one in or upon any part of an automobile for the purpose of conferring some benefit upon the owner and driver thereof at his request is that of an invitee, towards whom the owner and driver owes the duty of exercising ordinary care." *Holtsinger v. Scarbrough,* 69 Ga. App. 117 (1, 2) (24 SE2d 869). Accord, *Nash v. Reed,* 81 Ga. App. 473 (1, 2) (59 SE2d 259).

Applying the principles above set forth, there was some testimony from which a jury might find that the plaintiff mother was an invitee in the vehicle from which she was departing at the time she was struck. In such instance the issue in this regard should not have been determined by the trial judge as a matter of law.

2. Questions of the degree of negligence and diligence, such as gross negligence, slight diligence, etc., are ordinarily for the jury and not for the trial judge's determination. *Rowe v. Camp,* 45 Ga. App. 794 (1) (165 SE 894); *Hines v. Bell,* 104 Ga. App. 76, 79 (2) (120 SE2d 892).

3. We do not find *Minkovitz v. Fine,* 67 Ga. App. 176, supra, regarding the propriety of res ipsa loquitur in gross negligence situations, to be controlling in this case. In view of the ruling made in the first division of the opinion a jury question was presented as to whether or not the plaintiff mother was an invitee. If she were an invitee then of course *Minkovitz,* by its own terms, would not apply. This issue therefore should be left to the determination of the jury.

It should be observed that res ipsa loquitur has been applied in cases involving vehicles at rest. *Kroger Co. v. Perpall,* 105 Ga. App. 682, 690 (125 SE2d 511); *Lamar Nash Buick-Pontiac, Inc. v. Crowe,* 118 Ga. App. 669, 671 (164 SE2d 917); *Buffalo Holding Co. v. Shores,* 124 Ga. App. 868, 869 (186 SE2d 339). See also Anno. 42 ALR3d 1252, 1256.

4. ". . . [T]here is no legal obligation resting upon parents to support a child after it reaches its majority; nor is there any legal obligation resting upon a child, after

reaching majority, to remain in the home of the parents and perform, in return for the care and attention given by them, the duties usually performed by a child who is unemancipated. Consequently, in legal contemplation, the child who continues to live in the home after arriving at majority occupies the same status as any other guest, and there is nothing in the policy of the law which forms a legal obstacle to a suit by the child against a parent for a tort." *Farrar v. Farrar,* 41 Ga. App. 120, 121 (3) (152 SE2d 278). Accord, *Davis v. Cox,* 131 Ga. App. 611, 614 (206 SE2d 655); *Howard Concrete Pipe Co. v. Cohen,* 139 Ga. App. 491, 493 (229 SE2d 8).

Here, ample evidence was introduced to show that the defendant son, who was approximately 22 at the time of the incident and was 23 at the time of the trial, had sufficient mental competence and responsibility to be considered both adult and emancipated. Hence, the public policy considerations which bar suits between parents and minor children are inappropriate.

From our consideration of this case, we find that important jury issues remain as to each of the theories advanced by defendant, and therefore the trial judge erred in granting the defendant's motion for summary judgment.

*Judgment reversed. Shulman and Banke, JJ., concur.*

Argued April 12, 1977 — Decided May 9, 1977.

*G. Fred Bostick,* for appellants.
*Swift, Currie, McGhee & Hiers, Samuel P. Pierce, Jr., Warner S. Currie,* for appellee.