## 56348. SNEIDER v. CRIDER.

McMurray, Judge.

This is a wrongful death case arising out of an automobile collision in which plaintiff's daughter was killed. Plaintiff was the owner of the automobile in which she was riding. It was allegedly being driven by the defendant at the time of the collision. The collision occurred when the automobile in which plaintiff's decedent and defendant were riding southbound on Interstate 75 near Ashburn, Turner County, Georgia, left the southbound divided highway, crossed the median directly in front of northbound traffic and was struck in the right side by a vehicle in oncoming traffic.

During discovery plaintiff sought the favorable consideration of a motion for a physical and mental examination of the defendant when it was disclosed that the defendant did not remember the collision; did not remember the facts and circumstances concerning the collision including who was driving the vehicle and which lack of recall was attributed by the defendant to "traumatic amnesia." Plaintiff sought to have him examined by a psychiatrist or psychologist to determine

his mental condition. The defendant opposed the motion contending same was "not in controversy" and that good cause had not been shown as required by Code Ann. § 81A-135 (a) (Ga. L. 1966, pp. 609, 647; 1972, pp. 510, 527). The motion was denied.

At the conclusion of the trial, the jury returned a verdict for the defendant, and the judgment followed the verdict. Plaintiff moved for a new trial which was denied and appeals. *Held:*

1. The motion to dismiss is denied in that the appeal is not subject to the attacks made.

2. The first enumeration of error is concerned with the overruling of the plaintiff's motion for physical and mental examination of the defendant. The trial court concluded that the order sought was a discretionary one. Such discovery proceeding is permissive, not mandatory. See *Bradford v. Parrish,* 111 Ga. App. 167 (a) (141 SE2d 125), and what constitutes "good cause shown" rests in the broad discretion of the trial judge. However, the trial court was in error in holding that "the condition sought to be explored is not a main issue in controversy in the litigation," and that there was an inadequate showing that "the facts and circumstances of the collision cannot be shown by other sources of evidence than defendant's testimony." Section 35 of the Civil Practice Act (Code Ann. § 81A-135, supra) requires that mental or physical condition must be "in controversy" in order to require the party to submit to such examination. It is not necessary that same be "a main issue" as held by the trial judge. Here plaintiff's decedent who was the only other passenger in the automobile is no longer in life to testify, and defendant is allegedly the driver of the automobile (as shown by circumstantial evidence). During the period of discovery his defense as shown by his answer was that he was not the driver of the automobile involved in the collision, and he expressly denied that he was the driver (although circumstantial evidence as shown by his testimony during the trial is that the last person he remembered as driving the automobile was himself). The entire case as shown by the pleadings of the plaintiff is based upon the fact that the defendant was negligent in driving the automobile, and said negligence was the sole

and proximate cause of the injuries to plaintiff's daughter which were fatal. It is doubtful that if the motion had been granted the facts and circumstances of the collision could be shown by such examination of defendant. But plaintiff was entitled to seek such discovery.

It is noted here that defendant offered in evidence his family doctor who treated the defendant "some time after" the collision after he left the hospital in Ashburn, Georgia and was transferred to Cochran, his home. This expert testified he treated him for "partial collapse of his right lung," "a laceration of his left eye brow," "symptoms of a whiplash," and "signs of a concussion," which was "borne out by the abnormalities in his electroencephalogram." He further testified that a concussion was "a disturbance in the mental processes and the brain . . . [and] usually after an injury," and that same is "the after effects of the brain damage." Thus, because of the defendant's physical and mental condition as a result of the injury wherein he could not recall the collision due to "traumatic amnesia," his own doctor was allowed to testify in great detail as to his condition. Out of an abundance of fairness the trial court should have ordered physical and mental examination of the defendant unless a hearing in the future discloses that such is unnecessary. The trial court abused its discretion in holding that same was not "in controversy" and that good cause had not been shown. Same was in controversy. Good cause had been shown unless other testimony is produced showing that it would serve no useful purpose for further examination of defendant's condition. Further hearing on this question may disclose that the defendant now has total recall of the facts and circumstances which he did not remember after the collision during discovery and during the trial. The first enumeration of error is, therefore, meritorious.

However, the second enumeration of error wherein the plaintiff complained of the unfairness of the court in allowing the testimony of the family doctor (Dr. Richard Smith) regarding the mental condition of the defendant as being unfair after disallowing plaintiff's motion for physical and mental examination of the defendant is not meritorious. This testimony as to defendant's condition was relevant and proper.

3. The remaining enumerations of error are concerned with the issue of whether or not the deceased daughter was a guest passenger in her family automobile in which she was the hostess. She had requested the defendant to drive on their ride to school when the fatal collision occurred. Plaintiff had purchased the automobile which was furnished to his deceased daughter for her use in going to work and also to college. The trial court determined in its consideration of this matter that she was a guest passenger in her own family automobile. The trial court then proceeded to charge that if the evidence does not establish that the defendant was grossly negligent, "a verdict in favor of the plaintiff and against the defendant would not be lawful although the defendant has not explained the cause of the occurrence. . . and if the evidence shows the defendant was not grossly negligent, it would be your duty to return a verdict in favor of the defendant. . ." The court then charged that gross negligence is a greater degree of neglect of duty than ordinary negligence. The charge as to gross negligence is also the subject of review here.

Certainly, plaintiff's decedent was not a nonpaying guest passenger since she was the hostess. As a guest-passenger this would preclude her (had she survived) from recovering damages for personal injuries sustained as a direct result of and proximately caused by the ordinary negligence of the owner or operator although recovery for gross negligence would be allowed. See *Bickford v. Nolen,* 240 Ga. 255 (240 SE2d 24). *Bickford* is apparently the latest Supreme Court decision with reference to the automobile guest passenger rule in this state established in *Epps v. Parrish,* 26 Ga. App. 399 (106 SE 297), and approved by the Supreme Court in *Holland v. Boyett,* 212 Ga. 458 (2) (93 SE2d 662).

We are not called on to decide whether or not the defendant as driver was a guest passenger in the automobile who had been requested to drive, nor to apply the guest passenger rule as to him. Here there was evidence that plaintiff's decedent and the defendant were on a joint venture in visiting Atlanta, the home of the decedent and the plaintiff, from Valdosta, They were on the return leg of that trip when the tragedy occurred. In

the evidence showing that he assisted in driving certainly he was no longer a guest for he contributed to the trip and in fact there was some evidence that since the decedent had been ill with the flu the plaintiff father had indeed requested the defendant to drive should his daughter become unable to "make it."

Under the circumstances of this case we are firmly of the opinion that it was a jury issue as to whether the driver owed the duty of exercising ordinary care rather than that of extraordinary care or slight diligence. This rendered the charge by the court on gross negligence to be improper. We think the trial court's charging of the jury should have been in accordance with the law set forth in *Reese v. Reese,* 142 Ga. App. 243, 246 (2) (236 SE2d 20), and for the jury to have considered the facts and circumstances for questions of the degree of negligence and diligence such as gross negligence, slight diligence, ordinary negligence, ordinary diligence, slight negligence and extraordinary diligence as set forth and defined in Code §§ 105-201 and 105-202, which issues are ordinarily for the jury and not the trial court's determination. In the case sub judice the issue in this regard should not have been determined by the trial court as a matter of law. Consequently, the trial court erred in charging as shown above that in order to find for the plaintiff the jury must find gross negligence in this case. The enumerations of error complaining of the charge and the determination by the trial court that the plaintiff's decedent was a guest passenger are meritorious.

*Judgment reversed. Quillian, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 5, 1978 — DECIDED NOVEMBER 20, 1978 — REHEARING DENIED DECEMBER 7, 1978 —

*Westmoreland, Hall, McGee, Warner & Oxford, J. M. Crawford, John L. Westmoreland, Jr.,* for appellant.

*George N. Skene, Van Gerpen & Bovis, E. J. Van Gerpen,* for appellee.