## 56348. SNEIDER v. CRIDER.

McMURRAY, Presiding Judge.
The Supreme Court granted certiorari in this case and has reversed in part our decision in *Sneider v. Crider,* 148 Ga. App. 385 (251 SE2d 315). See *Crider v. Sneider,* 243 Ga. 642.

1. The Supreme Court held that the trial court did not abuse its discretion in denying plaintiff's motion for mental and physical examination of the defendant. Accordingly, Division 2 of our original opinion in *Sneider v. Crider,* 148 Ga. App. 385, 386 (2), supra, is stricken in

its entirety, and the enumeration of error urging a reversal of the judgment in regard thereto is not meritorious.

2. However, the Supreme Court as to Division 3 of our opinion has held that as a matter of law the defendant driver did not become the decedent's host within the meaning of the guest passenger doctrine merely by assuming the driving responsibilities. This is based on that court's statement of the law that where a host and guest embark on a trip which is predominately social the. taking of a turn in driving is regarded as a matter of courtesy only. The Supreme Court in *Crider v. Sneider,* 243 Ga. 642, 648, supra, found "under the circumstances present here, that the decedent, as owner of the automobile—vis-a-vis the defendant—was not the guest passenger; and, as a matter of law, the defendant's [Crider's] assumption of the driving responsibilities as a courtesy of the road did not relegate the decedent to the status of guest passenger."

Accordingly, the judgment of the trial court must still be reversed.

*Judgment reversed. Banke and Underwood, JJ., concur.*

Argued September 5, 1978 — Decided July 6, 1979.

*Westmoreland, Hall, McGee, Warner & Oxford, J. M. Crawford, John L. Westmoreland,* for appellant.

*George N. Skene, Van Gerpen & Bovis, E. J. Van Gerpen,* for appellee.