### 65079. HOLLINGSWORTH v. HOLLINGSWORTH.

CARLEY, Judge.

Appellant was an employee on the farm of his father, the appellee. While assisting appellee and other members of appellee's

family in moving a herd of cattle, appellant was thrown from a horse and injured. Appellant filed suit alleging negligence on the part of appellee. Appellee answered and subsequently moved for summary judgment. The trial court granted appellee's motion for summary judgment, from which appellant appeals.

At the outset, we note that, at all times relevant to this case, appellant was *sui juris* and, therefore, the public policy doctrine of family immunity would not preclude appellant's suit against his father. *Farrar v. Farrar,* 41 Ga. App. 120, 121 (3) (152 SE 278) (1929).

The construction of the evidence most favorably for appellant demonstrates the following: Appellant was riding a horse which he regularly used in assisting the moving of the cattle. One calf strayed from the herd, as often happened, and appellant, in the performance of his job, pursued it. Appellee, while on foot, also gave chase. Appellee allegedly came into close proximity of the horse which appellant was riding, so as to cause the horse to suddenly and unexpectedly pass on the left rather than on the right side of a tree. Appellant fell from the horse and was injured. At the time of the hearing on the motions for summary judgment, the only remaining viable allegation of the complaint was that appellee was negligent in chasing the stray calf and running in the direction of the horse, thereby causing the horse to make the sudden move and appellant to be thrown.

OCGA § 51-11-7 (Code Ann. § 105-603) provides: "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendants' negligence, he is not himself entitled to recover. In other cases, the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained." The principles of avoidance of consequences and assumption of risk are available to defendant employers. *Union Carbide Corp. v. Holton,* 136 Ga. App. 726 (222 SE2d 105) (1975). "To establish the defense of assumption of risk, it must appear that the plaintiff not only had knowledge of the condition or defect complained of, but also that the plaintiff knew or should have known of the danger involved in encountering the condition or continuing the course of action which resulted in the injury." Mitchell v. Young Refining Corp., 517 F2d 1036, 1038 (5th Cir. 1975).

In the instant case, appellant testified that the procedure being used to catch the calf when his injury occurred was "an acceptable practice," that the horse he was riding was trained for the purpose of moving cows, and that he had used the horse for that purpose for approximately 10 years. Appellant further testified that he knew his father was on foot in an attempt to assist him in catching the calf, and that he knew a horse may become "spooked" when seeing someone

through the corner of its eye.

Based upon the foregoing testimony, we find that appellant was on notice that his horse would likely become "spooked" when approached suddenly by the appellee. " 'When one enters the service of another, he impliedly assumes the usual and ordinary risks incident to the employment about which he is engaged, and in discharging the duties which he has undertaken to perform, he is bound to take notice of the ordinary and familiar laws of nature applicable to the subject to which his employment relates . . .' [Cit.]" *Hollingsworth v. Thomas,* 148 Ga. App. 38, 39-40 (250 SE2d 791) (1978). "[Appellant] assumed the risk of his voluntary undertaking under the allegations in this case, and is barred from recovery as a matter of law. [Cits.]" *LaHoste v. Yaarab Mounted Patrol,* 89 Ga. App. 397 (79 SE2d 570) (1953).

*Judgment affirmed. Shulman, C. J., and Quillian, P. J., concur.*

DECIDED FEBRUARY 3, 1983.

*Jimmy J. Boatright,* for appellant.
*Ogden Doremus, Jimmy Singer,* for appellee.