75855. MORRIS v. BROOKS et al.
(366 SE2d 777)

BIRDSONG, Chief Judge.

This court granted the application of appellant's interlocutory appeal to consider the trial court's denial of his motion for partial summary judgment. Brian Morris is the 11-year-old son of David and

Donnice Morris. The parents were divorced in June 1984, with custody of Brian being awarded, by consent, to Donnice. David provided $350 per month child support and any expenses over and above that were divided between them. Donnice married James Clark in October 1984. On March 2, 1986, when the family was returning from a visit to Clark's mother in south Georgia, their car was involved in a collision with another car driven by defendant Brooks. Clark admitted he was speeding at the time. Brooks was driving on the wrong side of the road. Donnice was killed and Brian was severely injured. Brian was initially treated in a hospital in Albany, Georgia. He remained there for approximately six weeks and David Morris accepted liability for the costs of such hospitalization. When Brian left the Albany hospital, he moved in with his father. Further surgery and treatment requiring hospitalization in Scottish Rite Hospital was paid for by the father. Since March 2, 1986, Brian has lived with his father and all support and medical expenses have been paid by his father. There has been no custody, financial support, or parental relationship between Brian and his stepfather since March 2, 1986.

Brian's father instituted this action, as next friend, against Brooks and Clark. Clark defended, inter alia, on the basis of "parent/child immunity." Morris filed a motion to strike this defense and it was denied. We granted interlocutory appeal to review this issue. *Held*:

Clark contends he stands in loco parentis to Brian. Hence, he claims this action is barred on the basis of intrafamilial immunity. Clark is correct in asserting that upon a remarriage, if a mother with a minor child from a previous marriage shares his custody and control with the stepfather, the stepfather stands in loco parentis to the child. *Lee v. Green*, 217 Ga. 860 (1) (126 SE2d 417). Further, this court has consistently held that preservation of family tranquility is paramount public policy and prevents an unemancipated child from suing a parent or a person standing in loco parentis. *Trotter v. Ashbaugh*, 156 Ga. App. 130, 132 (274 SE2d 127); *Eschen v. Roney*, 127 Ga. App. 719, 720-721 (194 SE2d 589); *Chastain v. Chastain*, 50 Ga. App. 241 (1) (177 SE 828).

However, the Supreme Court, in *Nelson v. Spalding County*, 249 Ga. 334, 337-338 (290 SE2d 915) and *Robeson v. Intl. Indem. Co.*, 248 Ga. 306 (1) (282 SE2d 896), and this court, in *Clabough v. Rachwal*, 176 Ga. App. 212, 214 (335 SE2d 648), held that we "did not find controlling the status of the 'relationship' at the time the cause of action accrued, but rather looked to the status of the relationship at the filing of suit and thereafter." The reasoning behind these opinions is the basis for finding a parent immune from suit by an unemancipated child: (1) disturbance of domestic tranquility, (2) depletion of family resources, (3) danger of fraud and collusion, (4) possibility of

inheritance by the parent of the amount awarded to the child, and (5) interference with parental care, discipline and control. *Eschen*, supra at 724. Hence, where there is a change of status in the relationship between the parties in the interval between the tortious act and the filing of the action, the time of filing governs. The object of preserving family harmony does not control where there is no family status at the time of filing of the action. See *Harris v. Harris*, 252 Ga. 387, 388 (313 SE2d 88). Here, although there was a status of loco parentis at the time of the alleged tortious act, Brian resumed a familial relationship with his natural father after the accident and at the time this action was filed, there existed no parental relationship between Brian and Clark. The trial court erred in denying appellant's motion to strike appellee's defense of "parent/child immunity."

*Judgment reversed. Banke, P. J., concurs. Beasley, J., concurs in judgment only.*

DECIDED FEBRUARY 15, 1988 —
REHEARING DENIED MARCH 3, 1988 — ■

*Walter H. Beckham III, Mark S. Izenson*, for appellant.
*Thomas D. Harper, Richard G. Greer, Jeffrey F. Leasendale*, for appellees.