### 76836. ARNOLD v. ARNOLD.
(375 SE2d 225)

BIRDSONG, Chief Judge.

This is an appeal from the order of the superior court granting summary judgment to the defendant.

The appellee, Marcia Lynn Arnold, then age 16 and now age 18, was driving her mother's automobile in which her sister, appellant Glenetta Arnold and her friend, Coretta Harper, were riding. The appellee had dropped off two other passengers, had retrieved her makeup from a friend's house, had gone to the grocery store for her mother, and had left the store, in that order, when she was involved in an automobile collision. There is no adequate evidence in the record before us as to how the collision occurred. See generally *Behar v. Aero Med Intl.*, 185 Ga. App. 845 (1) (366 SE2d 223). At the time of the accident, Glenetta Arnold was age 10 and was living with her mother. The appellee Marcia Lynn Arnold was living with her mother most of the time, but during the month of the accident, she was residing three or four days of the week at the home of her father. The

parents of the appellant and the appellee are divorced, and neither child was emancipated on the date of the accident. *Held*:

The appellant has raised a question of first impression for our courts: specifically, has the doctrine of "parental immunity" precluded an unemancipated minor child from suing a sibling who also was unemancipated at the time the asserted cause of action arose but who attains majority before trial on the merits of the case commences?

Early cases decided by this court focused on the limited issue of whether a child could sue its parents, and it was concluded that parental immunity existed when an unemancipated minor child attempted to sue his parents. See, e.g., *Bulloch v. Bulloch*, 45 Ga. App. 1, 11 (163 SE 708). Certain later cases, however, when faced with the same basic issue or variations thereof, adopted broader language thereby giving birth in this state to a so-called family immunity doctrine. See, e.g., *Clabough v. Rachwal*, 176 Ga. App. 212, 213-215 (335 SE2d 648); *Hollingsworth v. Hollingsworth*, 165 Ga. App. 319, 320 (301 SE2d 56); *Eschen v. Roney*, 127 Ga. App. 719, 720 (194 SE2d 589). The exact parameters of this doctrine have not been determined by our court, although at least one attempt has been made to do so by use of legal model. See, e.g., *Clabough*, supra at 215 (concurring opinion). It is generally accepted that "infant[s] may sue and be sued," 42 AmJur2d, Infants, § 150, and that siblings "are not immune from tort liability to one another by reason of that relationship." Restatement of Torts, 2d ed., § 895H. "The reason generally given for denying members of the same family the right to sue each other, namely, that to permit such actions would disrupt family harmony and encourage fraud or collusion, has not been applied to cases where plaintiff and defendant are siblings, and members of the same household, living together under the same parental authority." 74 AmJur2d, Torts, § 54. Nevertheless, "[t]he preservation of the family unit is of such utmost importance in this state that it has recently been given stature in our state constitution: 'To . . . promote the interest and happiness of the citizen and *of the family*, . . . we the people of Georgia . . . do ordain and establish this Constitution.' (Emphasis supplied.) 1983 Ga. Const., Preamble." *Clabough*, supra at 213-214. In the resolution of the case at bar, however, we need not ascertain the exact parameters of our family immunity doctrine.

The evidence shows that appellee was an unemancipated minor both at the time of the accident and at the time when the complaint of Christine H. Allen was filed on behalf of her daughter, Coretta Harper. However, at the present time appellee is 18 years of age. The doctrine of family immunity provides a legal foundation for the promotion of the "paramount public policy" of "preservation of family tranquility," and thus prevents an *unemancipated* child, for example,

from suing a parent or person standing in loco parentis. *Morris v. Brooks*, 186 Ga. App. 177 (366 SE2d 777), a two-judge decision cited favorably in *Trust Co. Bank v. Thornton*, 186 Ga. App. 706, 709 (368 SE2d 158), see *Eschen v. Roney*, supra. However, this type of immunity doctrine is not without restricting boundaries. See, e.g., *Nelson v. Spalding County*, 249 Ga. 334, 339 (290 SE2d 915). Thus, it has long been recognized that "[a] child who has reached *majority*, or a minor who has been emancipated, may sue its parent." (Emphasis supplied.) *Wright v. Wright*, 85 Ga. App. 721, 725 (70 SE2d 152). Otherwise stated, "the public policy doctrine of family immunity [will] not preclude [a 'sui juris' plaintiff's] suit against his [parent]." *Hollingsworth v. Hollingsworth*, supra at 320. Conversely, "a parent may also sue an adult child." *Davis v. Cox*, 131 Ga. App. 611, 614 (206 SE2d 655). Moreover, a "child who continues to live in the home after arriving at majority occupies the same status as any other guest, and there is nothing in the policy of the law which forms a legal obstacle to a suit by the child against a parent for a tort." *Reese v. Reese*, 142 Ga. App. 243, 247 (236 SE2d 20); *Farrar v. Farrar*, 41 Ga. App. 120 (3) (152 SE 278); 67A CJS, Parent & Child, § 128. Logic dictates that these legal principles would be equally applicable to suits brought by an unemancipated minor sibling against an adult sibling who is residing in the same parental household as the suing sibling.

Pursuant to OCGA § 39-1-1 (a) "[t]he age of legal majority in this state is 18 years; until that age all persons are minors." Accordingly, appellee was a minor at the time of the accident and at the time the above-discussed complaint was filed, but has now attained the age of majority and was of the age of majority at the time of the trial judge's order granting her summary judgment. The crucial issue in this case thus becomes at what point in the litigation time continuum shall the appellee/defendant's status, either as an adult or as a minor, become fixed for purposes of determining the applicability of the family immunity doctrine. In *Fowlkes v. Ray-O-Vac Co.*, 52 Ga. App. 338, 340 (183 SE 210), this court held that "an action is maintainable, if the child was emancipated at the time of the tort and the action." The Supreme Court, however, declined to follow this narrow view in *Nelson v. Spalding County*, supra at 337-338 (3) (a), concluding that the interspousal immunity doctrine was applicable where, after the collision giving rise to the cause of action, the plaintiff married the defendant. Thereafter, this court held that in determining whether a defendant is immune from suit, we will not find controlling the status of the "relationship" at the time the cause of action accrued, rather we will look "to the status of the relationship at the filing of suit *and thereafter*." (Emphasis supplied.) *Clabough v. Rachwal*, supra at 214; accord *Morris v. Brooks*, supra at 178. Clearly, under the precedent established by this authority, the appellee's age

at the time of the accident was not controlling. We need not determine at what maximum point beyond the date of the filing of suit a party's status becomes fixed for these purposes; suffice it to say that the appellee had reached the age of majority *before* the trial court entered its order granting summary judgment, and at that point in time the appellee could be sued by another family member as she was by law an adult. Thus, summary judgment should not have been granted on the basis of the family immunity doctrine. This *result* is compatible with the statutory provisions of OCGA § 51-1-9, which is but a declaration of a general common law principle, that "[e]very person may recover for torts committed to himself. . . ." See *Collins v. Martin*, 157 Ga. App. 45 (3) (276 SE2d 102).

*Judgment reversed. Banke, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 12, 1988 —
REHEARING DENIED OCTOBER 12, 1988 — 

*Rosenzweig, Kam, Jones & MacNabb, Joseph P. MacNabb*, for appellant.

*Jenkins, Bergman & Darroch, Frank E. Jenkins III*, for appellee.

*Judgment reversed. Banke, P. J., and Beasley, J., concur.*

