A90A0961. HENNESSY CADILLAC et al. v. PIPPIN et al.
(398 SE2d 725)

BEASLEY, Judge.
Defendants James Ballew and Hennessy Cadillac were permitted direct review of the denial of their motion for leave to file a third-party complaint. The question is whether it was barred by the family immunity doctrine.

On February 19, 1988, 12-year-old Sarah Pippin was a passenger in a car driven by her then 16-year-old brother, Bill Pippin. Sarah was killed when their vehicle collided with one driven by defendant Ballew, an employee of Hennessy Cadillac. Both children lived at their parents' home.

On May 19, 1989, Sarah's parents sued Ballew and Hennessy Cadillac for their daughter's wrongful death, seeking the full value of her life and loss of services. On August 10, defendants sought leave to file a third-party complaint against Bill Pippin on the grounds that if Ballew were held negligent, Bill Pippin was a joint tortfeasor whose negligence contributed to the death, entitling defendants to indemni-

fication and contribution. In denying the motion, the court concluded that defendants cannot do indirectly what the parents cannot do directly, that is, sue their son for the death of their daughter. See *Eschen v. Roney*, 127 Ga. App. 719 (194 SE2d 589) (1972).

To determine the applicability of family immunity, the court looks to "the status of the relationship at the filing of the suit and thereafter" and not to the time of the tort. *Clabough v. Rachwal*, 176 Ga. App. 212, 214 (335 SE2d 648) (1985). Timing is crucial because actions between parents and children who have reached majority are not barred. *Stepho v. Allstate Ins. Co.,* 191 Ga. App. 494, 495 (382 SE2d 154) (1989); *Hollingsworth v. Hollingsworth*, 165 Ga. App. 319 (301 SE2d 56) (1983).

Bill Pippin was a minor at the time of the tort, the filing of the action, the motion for leave to file a third-party complaint, the entry of the order denying same, and the application for interlocutory appeal. He reached majority on November 22, 1989, before this court granted the application for appeal.

Once he became 18 and sui juris, Bill Pippin had no family immunity protection even if he lived at home. *Arnold v. Arnold*, 189 Ga. App. 101 (375 SE2d 225) (1988); *Reese v. Reese*, 142 Ga. App. 243, 247 (4) (236 SE2d 20) (1977). If they chose, the parents could have amended their complaint to add Bill Pippin as a party defendant under OCGA § 9-11-21, before the expiration of the statute of limitation. OCGA § 9-11-15; *Clover Realty Co v. Todd*, 237 Ga. 821 (229 SE2d 649) (1976); *Humble Oil &c. Co. v. Fulcher*, 128 Ga. App. 606, 609 (3) (197 SE2d 416) (1973). When the requirements of OCGA § 9-11-15 (c) are met, even the running of the statute of limitation does not control. Of course, amendment after judgment is not permitted. *Christopher v. McGehee*, 124 Ga. App. 310 (183 SE2d 624) (1971), aff'd 228 Ga. 466 (186 SE2d 97) (1971); *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601 (203 SE2d 173) (1974).

The test is whether the unemancipated minor has reached majority by the time of the filing of the suit "and thereafter." *Arnold*, supra, eliminated family immunity where the minor became sui juris after the suit was filed but before the trial and before the trial court granted summary judgment. In *Bennett v. Bennett*, 194 Ga. App. 197, 199 (390 SE2d 276) (1990), this court determined that the family immunity doctrine applied to a guardian of a grandchild who was a minor at the time of the guardianship appointment, and the guardian was in loco parentis at the time the trial court ruled on a motion for summary judgment. No question existed as to the minor reaching majority at any pertinent time in that case.

The hard question is, how far does "and thereafter" extend?

A third-party complaint may be brought against one who is or may be liable to the defendant/third-party plaintiff. OCGA § 9-11-14.

This section does not authorize defendant to seek affirmative relief solely on his own behalf. *Thigpen v. Koch*, 126 Ga. App. 182 (190 SE2d 117) (1972). Instead, the complaint must be predicated on secondary or derivative liability, such as indemnity, subrogation or contribution. *Smith, Kline & French Labs v. Just*, 126 Ga. App. 643 (191 SE2d 632) (1972). The third-party action for contribution may be maintained even though the right to contribution does not accrue until after judgment or disposition through compromise and settlement. *Evans v. Lukas*, 140 Ga. App. 182 (230 SE2d 136) (1976).

Because the right to contribution does not accrue until after judgment and the parents of Bill Pippin could have brought action against him after his majority, "and thereafter" must encompass the instant timeframe. The objection noted in *Eschen*, supra, of doing indirectly what could not be done directly does not exist. Bill Pippin has reached majority prior to judgment and within the statute of limitation. There is no impediment to his being brought in for purposes of contribution as a joint tortfeasor.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 11, 1990 —
REHEARING DENIED NOVEMBER 1, 1990.

*Neely & Player, Michael R. Johnson, Linda B. Foster*, for appellants.

*Everette L. Doffermyre, Jr., Robert J. Hunter*, for appellees.