## A92A1427. MOHORN v. ROSS.
(422 SE2d 290)

McMurray, Presiding Judge.

Polly Mohorn, next friend and natural guardian of Terrika Receal Mohorn, filed an action against Carey Lesell Ross, alleging Terrika was injured as a result of the negligent operation of a vehicle by Ross. Ross filed a motion for summary judgment, contending Terrika's claim is barred under the doctrine of parental immunity.

Terrika is the daughter of Polly Mohorn and Carey Lesell Ross. On December 16, 1988, Ross wrecked a vehicle in which Terrika was a passenger. During February of 1990, Polly Mohorn and Ross were married and Polly and Terrika moved in with Ross. On November 28, 1990, Polly Mohorn sued Ross for Terrika's alleged injuries. In February of 1991, the couple separated without a divorce and Ross moved out of the home. Ross periodically visits his daughter and provides support, paying the mortgage and assisting with transportation.

The trial court granted defendant's motion for summary judgment. This appeal followed. *Held*:

The doctrine of parental immunity is implemented to protect domestic tranquility, avoid fraud and collusion, preserve family resources, protect the family unit and preserve parental discipline. *Clabough v. Rachwal*, 176 Ga. App. 212, 213 (335 SE2d 648). These objectives become relevant after an action is filed, not at the time a cause of action accrues. See *Morris v. Brooks*, 186 Ga. App. 177, 178 (366 SE2d 777).

Polly Mohorn and Ross were married and their family resided in the same household when the case sub judice was initiated. The family separated less than three months later, Ross moving out of the home. Ross now periodically visits his daughter and provides financial support, paying the mortgage and assisting with transportation. These circumstances justify the trial court's finding that Ross is immune from liability for injuries allegedly sustained by his daughter in the collision.

Although the family is separated, the child's parents are not divorced and there is no evidence of domestic unrest. On the contrary, the undisputed evidence shows that Ross visits his daughter and supports his family. Consequently, the underlying objectives of preserving domestic tranquility, family resources and parental discipline remain. Further, there remains the possibility of salvaging the family unit. It follows that the trial court did not err in granting summary

judgment in favor of Ross based on the doctrine of parental immunity. Compare *Segars v. Southern Guar. Ins. Co. of Ga.*, 192 Ga. App. 265 (1) (384 SE2d 426).

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 9, 1992.

*Kendall, Dixon & Turk, Alvin L. Kendall*, for appellant.
*Beck, Owen & Murray, Samuel A. Murray*, for appellee.