A93A1982. HUSSEY, GAY, BELL & DeYOUNG INTERNATIONAL, INC. v. CLAY-RIC, INC.
(441 SE2d 274)

JOHNSON, Judge.

This is the second appearance of this case before this court. The factual background of the case is set forth in *Yow v. Hussey, Gay, Bell & DeYoung Intl.*, 201 Ga. App. 857 (412 SE2d 565) (1991). Charles Yow, the plaintiff in the case, stipulated he would not assert a professional negligence claim against Hussey. Clay-Ric, Inc., however, was not a party to that stipulation. Subsequent to this court's affirmance of the trial court's grant of summary judgment on the negligence claims of Yow asserted against Hussey, the trial court granted Clay-Ric leave to file a third-party complaint against Hussey. The third-party complaint asserts a professional malpractice claim alleging that Hussey failed to exercise the requisite standard of care for engineers by failing to replace a cover on a storm drain where Yow was injured after modifications were made, or alternatively, in failing to issue a change order requiring the construction and installation of a new cover. We granted Hussey's application for interlocutory review of the trial court's denial of its motion for summary judgment which raised the issue of the trial court's improperly permitting Clay-Ric to implead Hussey through a third-party complaint after this court had decided *Yow*, supra.

"A decision by the appellate court is controlling upon the judge of the trial court, as well as upon the appellate court when the case reaches that court a second time. The principle in the decision may be reviewed and overruled in another case between different parties, but as between the parties the decision stands as the law of the case. . . ." (Citation and punctuation omitted.) *Navistar Intl. Transp. v. Ogletree*, 199 Ga. App. 699, 700 (1) (405 SE2d 884) (1991). Having concluded in the previous case that Hussey is not liable to Yow, we cannot now transform Hussey into a joint tortfeasor from whom Clay-Ric may seek contribution in a third-party action.

While Clay-Ric may have independent professional malpractice claims against Hussey, unrelated to Yow's injuries, it is also clear from the holding in the previous case that the safety of the construction site was the sole responsibility of Clay-Ric. "The contract provisions, viewed in the context of the agreement as a whole, show that Hussey as architect/engineer did not expressly or impliedly have control over or assume any responsibility for construction site supervi-

sion or safety, including alerting construction workers and others affected by the construction of potential hazards at the site." *Yow,* supra at 861. The malpractice claims, if any exist, are independent of Yow's injuries. At the trial, the issue of liability of Clay-Ric to Yow requires consideration of whether Clay-Ric failed to maintain safe conditions at the construction site, and whether Yow was contributorily negligent.

"[A] defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action *who is or may be liable to him for all or part of the plaintiff's claim against him.*" (Emphasis supplied.) OCGA § 9-11-14 (a). Clay-Ric's claims against Hussey in its third-party complaint are not derivative, and therefore are inappropriate for adjudication in this action. See *Hennessy Cadillac v. Pippin,* 197 Ga. App. 448 (398 SE2d 725) (1990); see also *Bill Heard Chevrolet v. GMAC,* 120 Ga. App. 328 (170 SE2d 454) (1969). Because Clay-Ric may have an independent claim unrelated to Yow's injuries and any damages it may have to pay for those injuries, a grant of summary judgment, which may bar those independent claims as well, would be improper. However, the trial court should have treated the summary judgment motion as a motion to dismiss the third-party action, and should have granted the motion. The case is remanded, and the trial court is directed to enter an order dismissing the third-party claim against Hussey in this action.

*Judgment reversed. Case remanded with direction. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 14, 1994.

*Painter, Ratterree, Connolly & Bart, R. Clay Ratterree, Douglas Smith,* for appellant.

*Karsman, Brooks & Callaway, Stanley M. Karsman, Stanley E. Harris, Jr., Kent, Williamson & Brannon, A. Martin Kent, Cail & Cail, Kenneth H. Cail, Jr., Bouhan, Williams & Levy, Peter D. Muller,* for appellee.

