## A08A0032, A08A0266. McCRAY v. FEDERAL NATIONAL MORTGAGE ASSOCIATION et al. (two cases).

(663 SE2d 736)

SMITH, Presiding Judge.

In these consolidated cases, Reginald McCray and his sister, Velma McCray, appeal from separate orders issued by different trial court judges finding them liable to Federal National Mortgage Association ("Fannie Mae") for the difference between the amount owed on loans secured by real property and the amount obtained after a foreclosure sale. The McCrays also appeal from separate orders dismissing their third-party complaints against Sharon Pounds, an employee of Perimeter Mortgage Funding Corporation, and orders finding them liable for attorney fees under OCGA § 9-15-14 for asserting their third-party complaints. For the reasons set forth below, we affirm in Case No. A08A0032. In Case No. A08A0266, we affirm the trial court's grant of summary judgment to Fannie Mae and its dismissal of Velma McCray's third-party complaint. But in Case No. A08A0266, we also vacate the trial court's award of attorney fees and remand this case for a hearing on whether such an award was warranted under OCGA § 9-15-14.

Case No. A08A0032 relates to two loans made by Perimeter Mortgage Funding Corporation ("Perimeter Mortgage") to Reginald McCray. Case No. A08A0266 relates to two loans made by Perimeter Mortgage to Velma McCray. Each loan was secured by a different piece of property.

It is undisputed that neither of the McCrays personally signed the notes and security deeds for these loans. Instead, they executed identical powers of attorney in favor of another person who attended the closings on their behalf. On January 28, 2002, Velma McCray executed the following power of attorney in favor of her niece:

> I, VELMA W. MCCRAY, hereby grant authority to NICOLE HILL, to do and undertake all acts as are reasonable and necessary to facilitate the closing of the property located at 195 LAUREL, ATLANTA, GEORGIA 30310. The aforementioned closing shall take place on or before the 15th day of February 2002. I hereby affirm that I am aware of all aspects of this transaction and have the capacity to grant such authority. Further, this contract shall expire upon the execution of the aforementioned transaction.

On April 29, 2002, Velma McCray executed an identical power of attorney in favor of her nephew, Michael Brumfield, for the closing of property located on Fair Street on or before May 20, 2002.

On May 24, 2002, Reginald McCray executed two separate power of attorney documents in favor of his brother-in-law, Kevin Wiggins, one for property located on Lockwood Drive and the other for property located at Penelope Street. These power of attorney documents were identical in form and substance to those signed by Velma McCray. The closing for both properties was designated to occur on or before June 10, 2002.

The record shows that each of the persons appointed by the McCrays signed a loan and security deed on the McCrays' behalf in favor of Perimeter Mortgage at a closing to purchase the properties that took place in the time frame specified in the power of attorney documents. Shortly after each closing, Fannie Mae purchased the McCrays' loans from Perimeter Mortgage. Although Fannie Mae subsequently entered into a Mortgage Selling and Servicing Contract with Alliance Mortgage with regard to Reginald McCray's loans, the agreement between Fannie Mae and Alliance Mortgage makes it clear that the loan papers and documents, including the note and security deed, "remain at all times, the property of Fannie Mae."

When the McCrays defaulted on their loans in 2004, Fannie Mae, or its servicing lender, instituted foreclosure proceedings and sold the properties for their fair market value, but less than the amount owed on the loans. Fannie Mae then filed the lawsuits at issue in this appeal for the amount of the deficiencies.

The McCrays answered and, almost a year later, asserted nearly identical third-party complaints against Wiggins, Pounds, and numerous other third-party defendants. The McCrays asserted the following causes of action against Pounds: conspiracy to defraud, breach of fiduciary duty, punitive damages, and attorney fees. In their complaint, the McCrays alleged, "upon information and belief," that Pounds was a loan processor for Perimeter Mortgage who reviewed the loan package. According to the McCrays, Wiggins engaged in a scheme to obtain loans that exceeded the value of the property by which they were secured. The McCrays further assert that Wiggins submitted fraudulent lease contracts to Perimeter for the purpose of demonstrating that the McCrays had sufficient cash flow to justify the granting of the loans. The McCrays claim that Pounds acted in concert with Wiggins and "knew or should have known that the value stated [for the properties] was grossly overstated" and that Pounds "benefitted from [her] actions . . . as [she] generated fees and income for both [herself] and [her] employer."

After notifying the McCrays that she intended to seek attorney fees for abusive litigation, Pounds filed a motion to dismiss the third-party claims against her in both lawsuits. In her motions, Pounds asserted that the third-party complaints against her were improper because (1) she could not be secondarily liable for any

158

judgment against the McCrays, and (2) the substantive claims alleged against her failed to state a claim.

In Case No. A08A0032, Reginald McCray agreed to enter into a consent order dismissing his third-party complaint against Pounds "for failure to state a claim upon which relief can be granted." In Case No. A08A0266, Velma McCray, represented by the same counsel as her brother, opposed the motion to dismiss and submitted an affidavit in support of her opposition. When her counsel failed to appear at a hearing on Pounds's motion to dismiss the third-party complaint against her, the trial court granted it "for failure to state a claim upon which relief can be granted."

Pounds subsequently filed a motion for attorney fees pursuant to OCGA § 9-15-14 (a) and (b) in both cases. In her motions, Pounds asserted that the substantive claims against her (conspiracy to defraud, breach of fiduciary duty, punitive damages, and attorney fees) did not present any justiciable issues of law or fact and lacked substantial justification.

In Case No. A08A0032, the trial court held a hearing on the motion for attorney fees at which both parties appeared. In a written order issued after the hearing, the trial court denied Pounds's motion for attorney fees as framed by Pounds based on its conclusion that the substantive causes of action asserted in the third-party complaint would survive a motion to dismiss. The trial court also found, however, that attorney fees and expenses in the amount of $7,372.06 were warranted under OCGA § 9-15-14 (b) because Reginald McCray should not have asserted his independent tort claims against Pounds in a third-party complaint. The trial court found both McCray and his counsel jointly liable.

In Case No. A08A0266, the trial court initially granted the motion for attorney fees and expenses against Velma McCray and her counsel in the amount of $1,471.50 without holding an evidentiary hearing. The trial court ruled that the substantive claims asserted in the third-party complaint lacked substantial justification under OCGA § 9-15-14 (b), a result contrary to that reached by a different trial judge in Case No. A08A0032. The trial court did not decide whether the claims were properly asserted in a third-party complaint. After both parties filed motions for reconsideration,[1] the trial court conducted an evidentiary hearing limited to the issue of the amount of the award. The trial court denied Velma McCray's request to present evidence on whether her claims were "baseless and

---

[1] Pounds asserted the trial court made a scrivener's error in the amount of the award and Velma McCray asserted that she was entitled to a hearing.

without legal support." In a subsequent written order, it revised the amount of its award to $15,628 based upon the evidence presented at the hearing.

After Pounds's dismissal in both cases, Fannie Mae moved for summary judgment in its favor and entry of a deficiency judgment. In both cases, the McCrays asserted that summary judgment was precluded based upon a jury issue as to whether the transactions at issue fell within the scope of the powers of attorney they executed. In Case No. A08A0032, Reginald McCray asserted that Fannie Mae was not a real party in interest because the foreclosure action was prosecuted by Fannie Mae's servicing lender, to whom Fannie Mae had conveyed record title. The trial court in both actions granted summary judgment in favor of Fannie Mae.

### Case No. A08A0032

Reginald McCray asserts in related enumerations of error that the trial court erred by granting summary judgment in favor of Fannie Mae because (1) Fannie Mae lacked standing to seek a deficiency judgment on the notes and (2) Wiggins exceeded his authority under the power of attorney. Reginald McCray also asserts that the trial court erred by awarding attorney fees to Sharon Pounds because he adequately alleged a contribution claim and the third-party complaint could have been severed and continued as a separate action.

1. We find no merit in Reginald McCray's claim that Fannie Mae lacked standing and was not a real party in interest because it temporarily transferred title to its servicing agent Alliance Mortgage. Fannie Mae has standing because it reserved "at all times" its ownership interest in the note. See *Nat. Security Fire & Cas. Co. v. Eureka Fed. S & L Assn.*, 188 Ga. App. 693, 694 (1) (373 SE2d 811) (1988) (mortgagee, not its servicing agent, was real party in interest entitled to fire insurance proceeds); *In re O'Dell*, 268 B.R. 607, 617 (N.D. Ala. 2001) (noting "that it is possible for more than one party to be a real party in interest" based upon "an understanding of modern day financing by which creditors frequently carve up the bundle of rights associated with [a] claim"); *Bankers Trust v. 236 Beltway Investment*, 865 FSupp. 1186, 1191 (E.D. Va. 1994) (holding that both owner of money due under mortgage and its loan servicer may have standing to sue for deficiencies).

2. Reginald McCray also contends that the trial court erred by granting summary judgment on behalf of Fannie Mae because Wiggins exceeded his authority under the power of attorney. He bases this argument on the power of attorney language that authorized Wiggins "to do and undertake all acts as are reasonable and

necessary to facilitate the closing of the property'' and provided that "this contract shall expire upon the execution of the aforementioned transaction.'' Reginald McCray asserts that "[t]he note which Plaintiff sues upon arose, not out of the purchase of the subject property, but rather out of a refinance of the same.'' According to McCray, the closing happened first, the power of attorney expired, and then a "refinance'' occurred. We find no merit in this contention as the record shows, without dispute, that McCray first acquired the properties at issue on the same day that the loans were issued and that no other funds were used to purchase the property on his behalf.

Based on this finding, we need not address McCray's additional arguments regarding Fannie Mae's status as a holder in due course.

3. Reginald McCray asserts the trial court erred by awarding attorney fees to Sharon Pounds because he adequately alleged a claim for contribution. According to McCray, the note was fraudulently procured, and he is entitled to seek contribution from Pounds in a suit on the note because she allegedly participated in the fraud. We disagree.

OCGA § 9-11-14 (a) provides that a defendant "may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.'' Id. "This section does not authorize defendant to seek affirmative relief solely on his own behalf. Instead, the complaint must be predicated on secondary or derivative liability, such as indemnity, subrogation or contribution.'' (Citations omitted.) *Hennessy Cadillac v. Pippin*, 197 Ga. App. 448, 450 (398 SE2d 725) (1990). In this case, Reginald McCray's claims against Pounds were not derivative and were clearly "inappropriate for adjudication in this action.'' *Hussey, Gay, Bell & DeYoung Intl., Inc. v. Clay-Ric, Inc.*, 212 Ga. App. 53, 54 (441 SE2d 274) (1994). McCray's use of the word "indemnity'' in his complaint does not save it from dismissal for failure to state a claim because it is clear from the face of the complaint that the facts alleged do not support a legally valid claim for indemnity. See generally *Cook v. Regional Communications*, 244 Ga. App. 869, 870 (539 SE2d 171) (2000) (motion to dismiss proper "when the complaint establishes that the plaintiff is not entitled to relief under any facts that could be proved'') (citation omitted).

4. In his remaining assertion of error, McCray asserts the trial court erred by awarding attorney fees because Pounds should have filed a motion to sever instead of a motion to dismiss. McCray points to the trial court's conclusion that the substantive allegations in his third-party complaint survived Pounds's motion to dismiss and argues that Pounds would have incurred no additional legal expense if the case had survived as a separate action.

We find no merit in this contention because it fails to take into account what actually occurred, as opposed to what might have occurred. McCray chose to voluntarily dismiss his third-party complaint without prejudice *after* Pounds filed a motion to dismiss. If a motion to sever was a viable option, which we need not decide here, McCray, not Pounds, should have pursued it. By voluntarily dismissing the third-party complaint without prejudice, McCray retained the option of refiling his complaint against Pounds in a separate action and subjecting Pounds to defending the same allegations twice.

For all of the above reasons, we affirm the trial court's order granting summary judgment in favor of Fannie Mae and its order awarding attorney fees and expenses to Pounds in Case No. A08A0032.

## Case No. A08A0266

Velma McCray asserts that the trial court erred by: (1) granting summary judgment in favor of Fannie Mae because her appointed attorneys exceeded their authority under the power of attorney agreement; (2) dismissing her third-party complaint against Sharon Pounds with prejudice; and (3) awarding attorney fees to Pounds.

5. We affirm the trial court's grant of summary judgment to Fannie Mae for the reasons stated in Division 2 of Case No. A08A0032. The facts and arguments at issue in this case are identical.

6. Velma McCray asserts that the trial court erred by granting Pounds's motion to dismiss her third-party complaint with prejudice. Pounds asserted below, as she did in Case No. A08A0032, that Velma McCray failed to state a proper third-party complaint based upon secondary liability. As a result, we affirm the trial court's dismissal with prejudice for the same reasons stated in Division 3 of Case No. A08A0032. See *City of Gainesville v. Dodd*, 275 Ga. 834, 838 (573 SE2d 369) (2002) (appellate court may affirm trial court on grounds raised below pursuant to right for any reason rule).

7. Velma McCray asserts that the trial court erred by ordering her to pay attorney fees to Pounds without holding an evidentiary hearing on whether such an award was warranted. We agree. We therefore vacate the trial court's award of attorney fees and remand this case to the trial court to conduct a hearing on whether an award under OCGA § 9-15-14 is warranted. See *Honkan v. Honkan*, 283 Ga. App. 522, 523 (1) (642 SE2d 154) (2007) (vacating trial court's award and remanding case for an evidentiary hearing on whether award of attorney fees is warranted); *Glass v. Glover*, 241 Ga. App. 838, 839 (528 SE2d 262) (2000) ("[a] party against whom frivolous litigation

sanctions are sought has a right to be heard before such sanctions are imposed").

*Judgment affirmed in Case No. A08A0032. Judgment affirmed in part, vacated in part and case remanded with direction in Case No. A08A0266. Mikell and Adams, JJ., concur.*

DECIDED MAY 30, 2008 —
RECONSIDERATION DENIED JUNE 24, 2008 —

*Leon A. Gelderen, Winston A. Denmark*, for appellants.
*Denise R. Griffin, Simon H. Bloom*, for appellees.